IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1848, IN THE THIRTY-
THIRD YEAR OF THE STATE.

---

CRANE, Administrator *de bonis non* of the estate of BURN-
TRAGER, deceased, *v.* BURNTRAGER and Others.

A bill of interpleader will only lie when both the defendants claim the
same debt, or duty.
A party cannot sustain an interpleading suit, if he admits that, to either of
the defendants, he is a wrong-doer.
No bill of interpleader lies in behalf of a tenant against his landlord.

ERROR to the *Fountain* Circuit Court. <span style="float:right">*Monday,*<br>*Nov. 27.*</span>

PERKINS, J.—Bill of interpleader by *Ezra Crane* against
the heirs of *Daniel Burntrager* and the administrator upon
his estate. The bill states that said *Burntrager* departed
this life in 1838, intestate, leaving a small amount of per-
sonal property, and some real estate, consisting of the
undivided half of a piece of mill property; that he left
four heirs, minors, and gives their names; that he was
indebted in an amount exceeding the value of all his pro-
perty; that *John Hardy* and *Margaret Burntrager* were
first appointed to administer upon his estate; that *John
Roop* was afterwards appointed administrator *de bonis non;*
that, upon his death, in 1841, *Silas Crane* was appointed

second administrator *de bonis non;* that in *December,* 1841, the said half of said mill property was sold for the payment of debts due from said *Burntrager's* estate, and failed to bring within 800 dollars of the sum required to discharge them, after the exhaustion of the personal assets; that about two years prior to said sale, he, the plaintiff, rented, by parol, from *Roop,* then administrator, the real estate in question, upon the terms that he was to pay said administrator, for the use of it, one-half of the profits of said half of said mill; and that, under said agreement, he occupied said half of the mill about two years, ending with the sale of it, in 1841; states that the half of the profits of said half of said mill for that time, was about three hundred and fifty dollars; that said *Burntrager's* heirs, at the *October* term, 1843, of the *Fountain* Circuit Court, filed a bill against him for an account, and payment to them, of the rents and profits of said half of the mill during the time he occupied it, and that the administrator *de bonis non* of said *Burntrager's* estate is also threatening to sue him, for the half of said rents and profits. The bill prays that said heirs and administrator may interplead. The remaining allegations in the bill, having no bearing upon the material question in the case, need not be noticed here.

The heirs and administrator answered, and upon their answers, with the bill, the cause was submitted to the Circuit Court, and a decree rendered that the plaintiff should pay to the heirs. *Crane,* the administrator, and one of the defendants to this bill, brings this writ of error. The first question made is one of practice. The only decree that the plaintiff in a bill of interpleader is interested in obtaining is, that his bill is properly brought, that is, that his case is one in which an interpleading between the defendants may be required. *Atkinson* v. *Manks* and *Holroyd,* 1 Cow. 691. " As to the mode of proceeding after it is ascertained that a bill is properly filed, there does not appear to be any settled practice. In the case of *Atkinson* v. *Manks* and *Holroyd,* 1 Cow., the cause was brought to a hearing on bill and answer only; but whe-

ther this was done by consent of the parties, or otherwise, does not appear. In the case of *Jones* v. *Gilman* and others, Cooper's R. 49, the complainant filed a replication to the answers, and served subpœnas to rejoin; according to the practice as stated in the marginal note in Dickens. 1 Dick. 291, n. It also appears from the *English* reports that the testimony is sometimes taken, as to the rights of the defendants between themselves, previous to a decree to interplead. *Brymer* v. *Buchanan*, 1 Cox's Cas. 425.—*Duke of Bolton* v. *Williams*, 4 Bro. C. C. 297. In those cases, and also where the right of one defendant is admitted by the answer of the other, or the bill is taken as confessed as to one, the Court settles the rights of the parties at once, and makes a final decree as to those rights, and as to the disposition of the fund in controversy. *Hodges* v. *Smith*, 1 Cox's Cas. 357.

" Where the defendants, or any of them, deny the allegations in the complainant's bill, or set up distinct facts in bar of his right to file the bill, he must file a replication, give rules to produce witnesses, and close the proofs in the usual manner, before the cause is heard; as the defendants, as well as the complainants, are at liberty to read proofs on those questions at . the hearing. *Statham* v. *Hall*, Turn. & Russ. R. 30. But if the defendants admit the facts on which the right to file the bill of interpleader rests, and set up no defence, in opposition thereto, which requires the taking of testimony on either side, it seems to be sufficient for the complainant to file a replication to the answers of the defendants, and then to set down the cause for hearing and for a decree that they interplead and settle the matter between themselves, without waiting until the cause is ripe for a decision as between the defendants. In that case the Court merely decides that the bill is properly filed, and dismisses the complainant, with his costs of the litigation, up to that time, to be paid out of the fund. And to settle the conflicting claims of defendants, the Court directs either an action, an issue, or a reference to a master, as may be best adapted to the circumstances of the case. *Angel* v.

*Haddon,* 16 Ves. jun. 203.—4 Bro. C. C. 309, n.   In this stage of the suit, an issue or a reference will, in general, be the most cheap and efficacious mode of settling the controversy between the defendants; and the expense of an action at law, or of an original bill, filed under the direction of this Court, can seldom be necessary." Per *Walworth,* chancellor, in *City Bank* v. *Bangs,* 2 Page Ch. R. 570.

So far as the mere question of practice is concerned, according to the foregoing authority, we cannot say that there was any great irregularity in the proceedings in the present case.

The material question is, does the record make a case that will sustain a bill of interpleader?   That case is, that the plaintiff in the bill, not long after *Burntrager's* death, rented, of the administrator upon his estate, the property in question, upon specified terms; occupied it for two years under his contract; has, as yet, failed to pay his rent; and is now threatened with a suit for it by the administrator *de bonis non,* and is also called upon by *Burntrager's* heirs to account to them for the use and occupation of said property, not in right of the contract made by him with the administrator—for it is not so alleged in the bill, and they say expressly in their answer that they know of no such contract—but on a claim of title adverse and paramount to that of the administrator, and they claim the full value of the use and occupation for the two years, insisting that it is, in amount, 500 dollars.   It is not pretended that either of the administrators had done anything subsequent to the renting, involving the tenant or tending to vary his rights from what they were by the contract.   And it may here be remarked, that, by section 50, p. 193, of the R. S. of 1838, and by a provision but slightly different in those of 1843, p. 571, s. 456, administrators are authorized, in the absence of heirs, to take possession of, and rent the real estate of decedents, and to receive the rents for the same; and as, in such cases, the rents may be assets for the payment of debts, it would seem, from the cases first cited below,

(though on this point we decide nothing,) that wherever the administrator makes the contract in his representative character, his successor, as administrator *de bonis non*, succeeds to all the rights of the contract, and is entitled to sue on it as though made with himself.  *Catherwood* v. *Chabaud*, 1 B. & C. 150.—*Patridge* v. *Covet*, 5 Price, 412.—*Hirst* v. *Smith*, 7 T. R. 178.  Such being the case made by the record, what is the law applicable to it?  The following are some of the general principles governing bills of interpleader:

Such a bill will lie only where both defendants claim the same debt or duty.  *Atkinson* v. *Manks*, 1 Cow. 691.  It is not sufficient to sustain such a bill, " that one of the defendants claims from the plaintiff the same debt or duty, when it appears from the bill itself, that the debt or duty unquestionably belongs to the other, and that the plaintiff is not ignorant of their respective rights as between themselves."  *Mohawk* and *Hudson Rail-road Co.* v. *Clute*, 4 Page Ch. R. 384.—*Shaw* v. *Coster*, 8 *id*. 339.

A party " cannot sustain an interpleading suit, if he is obliged to admit that, as to either of the defendants, he is a wrong doer."  *Shaw* v. *Coster, supra.*  If the plaintiff in the bill " has come under any personal obligation, independently of the question of property, so that either of the defendants may recover against him at law, without establishing a right to the property," it is not a case for interpleader.  *Crawshay* v. *Thornton*, 2 M. & K. 1.

No bill of interpleader lies in behalf of a tenant against his landlord.  *Crawshay* v. *Thornton, supra*, and *Dungey* v. *Angove*, 2 Ves. jun., 310    See 2 Story's Eq. chap. 20, and 3 Dan. ch. pr. Perk. Ed. 1753.

These are general rules.  There are exceptions to some of them, but none that embrace this case.  Here, according to the bill, one of the defendants claims against the plaintiff rent under a contract, while the others claim compensation, simply, for use and occupation.  These two claims are not for the same debt, and hence the parties cannot be called upon to interplead.  *Dungey* v. *Angove, supra.*  It is unnecessary that we should specify

other of the above principles which exclude this case from the action of the Court—this one is sufficient, and others are manifest.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*W. H. Mallory*, for the plaintiff.

*D. Brier*, for the defendants.