# SUPERIOR COURT.

## Isaac Sherman and others agt. William Partridge and others.

An order of *interpleader*, under § 122 of the Code, can only properly be made when the whole controversy turns upon the *right of property:* that is, upon the question whether the plaintiff in the suit, or the claimant whose substitution as the defendant is desired, is the true owner of the debt, fund, or other property for which judgment is demanded.

Where the plaintiff relies on, and has averred in his complaint, a special promise or contract to pay the value of the property sold to the defendant, and the same property is claimed by a third person as being the real owner, *the latter*

cannot be substituted or made a defendant in the action, because it would deprive the plaintiff of his *legal remedy;* and might involve the sacrifice of his legal rights, without affording him any equivalent or compensation.

Where a plaintiff seeks to recover a debt arising upon *contract*, the claimant who seeks to be substituted a defendant, must, in the language of the Code, be "a third person, not a party to the suit, making a demand for the *same debt.*" A demand by such third person for the identical property as owner, and that the plaintiff had no authority to make the sale to the defendant in the action, is not ground for an interpleader. As' owner, he must seek his remedies against the defendant, or those into whose hands the property may have passed.

In such a case, if the defendant in the action has not rendered himself absolutely liable upon his promise, and the sale of the property made to the plaintiff, through whom defendant derived title, was fraudulent and void, the title of the true owner may be set up by the defendant as a full defence.

*New-York Special Term, February,* 1855.

THIS was a motion under § 122 of the Code, for the substitution of one Henry Delafield as the sole defendant, and the discharge of the present defendants from all liability to either party, upon their paying into court the sum of $340.17. If this motion should be denied, the application then was, under the same section of the Code, that Delafield should be made a co-defendant.

The allegations of the complaint were, that one Philip N. Searl had sold to the defendants a quantity of logwood of the value of $500; and, for a valuable consideration, had transferred and assigned to the plaintiffs his claim against the defendants arising from the sale. That the defendants, in consideration of this assignment, had expressly promised the plaintiffs to pay to them the price, or proceeds, of the logwood, which it was averred amounted to the sum of $499.11; for which sum, the defendants having refused to pay upon request, judgment was demanded.

The application of one of the defendants, upon which the motion was founded, stated, (*inter alia,*) that one Henry Delafield, a person not a party to the action, and without collusion of the defendants, demanded of them the proceeds of the logwood, alleging that it belonged to him, and that Searl had not

the possession as owner, nor had any right or authority to sell the same, or assign the price thereof.

The affidavits, which were read on the part of the plaintiffs in opposition to the motion, stated the following facts :—That they had sold to Searl, for cash, a quantity of staves, and that he gave them this check for the price, the payment of which was refused. That he then gave them an order on the defendants for a definite sum, as the price of the logwood. That the defendants declined to pay the order, on the ground that the logwood had not yet been fully weighed, and that it was not certain that the price or proceeds would amount to the sum mentioned; but that they expressly promised to pay to the plaintiffs the whole proceeds when ascertained, provided the plaintiffs would obtain from Searl a general order or assignment of his claims. That such an assignment—which was set forth— was accordingly obtained, and that the plaintiffs, relying upon it, and upon the promise of the defendants, had omitted to obtain from Searl, who is now insolvent, a return of the staves sold to him, as they otherwise might and would have done.

It was also claimed, on the part of the plaintiffs, that the defendants had been indemnified against the plaintiffs' claim by Delafield.

I. T. WILLIAMS, *for plaintiffs.*

D. D. LORD, *for defendants.*

DUER, Justice. Taking into consideration the facts set forth in the plaintiffs' affidavits, and which I think might properly be given in evidence to sustain the averment in the complaint of a special promise, I am clearly of opinion that the motion for the discharge of the defendants, and the substitution of Delafield as the sole defendant, must be denied.

An order of interpleader, under the 122d section of the Code, can only be properly made when the whole controversy turns upon the right of property : that is, upon the question whether the plaintiff in the suit, or the claimant whose substitution as the defendant is desired, is the true owner of the debt, fund, or

other property for which judgment is demanded. When the plaintiff insists, as in the present case, that the defendant, by a personal contract or otherwise, has rendered himself liable in all events for the debt sought to be recovered, and is precluded from setting up the title of a third person as a bar, it would be manifestly unjust to make the order, since, in the language of Lord COTTENHAM, in *Crawshaw* agt. *Thornton,* (2 *M. & C.* 19,) it would deprive the plaintiff of his legal remedy, and might involve the sacrifice of his legal rights, without affording him any equivalent or compensation.

Applying these remarks to the case before me, it is only in an action against the defendants themselves that the question, whether they have not rendered themselves absolutely liable to the plaintiffs for the price of the logwood, can be determined so as to secure to the plaintiffs the right of appeal to the court of ultimate jurisdiction. To deprive them of their right by putting an end to this action in its present form, and substituting Delafield as the sole defendant, is stated to me, would be an arbitrary and unwarrantable exercise of judicial power. As against Delafield, the plaintiffs would only recover upon proof that Searl was the owner of the logwood, or had full authority to make the sale; and the question whether, even upon the supposition that Searl was not the owner, and had no such authority, the defendants were not bound to pay to the plaintiffs the stipulated price, would not be determined at all; and thus the plaintiffs might be deprived of the judgment to which, had the action retained its original form, they would have been entitled. Whether, if the plaintiffs shall succeed upon the trial in establishing the facts set forth in their affidavits, the defendants will be precluded from setting up the title of Delafield as a bar to a recovery, is a question upon which I am not to be understood as expressing or intimating any opinion. I only mean to say, that as the question of the absolute liability of the defendants is distinctly raised by the complaint and the affidavits, I have no right to decide it upon this motion, and thus to prevent its decision in the regular progress of the cause.

The provisions in § 122 of the Code, are founded upon the

English statutes, (1st & 2d Will. IV, c. 58,) and hence the de-cisions upon that statute have with great propriety been re-ferred to.   They appear to have settled the rule, that it is only. when no .other question than the right of property is meant to be litigated, that an interpleader can justly be allowed.   When it is alleged that the person who seeks to be discharged as a mere depository or stakeholder is liable upon any ground inde-pendent of the title, the application must be denied.   *Craw-shay* agt. *Thornton*, (7 Sim. 391;) S. C., (2 M. & C. 1;) *Pearson* agt. *Cardon*, (2 Russ. & M. 606;) *Patorni* agt. *Campbell*, (3 Dowl. N. S. 397;) and *Lindsay* agt. *Barrow*, (6 C. B. Rep. 291,) differ in circumstances from the case before me, but in principle are not to be distinguished.   As they appear to me to have been rightly decided, it is my duty to follow them.

Nor is it only upon the ground that has been stated that I must refuse, by substituting Delafield, to discharge the defendants. Had this action been brought by Searl himself, or by the plaintiffs merely as two assignees, I must still have said that the facts do not exhibit a case for an interpleader under a just construction of the Code.   The plaintiffs seek to recover a debt arising upon contract; but Delafield is not " a third person—not a party to the suit—making a demand for the *same debt*," as the words of the Code require him to be, to justify an order for his substitution. As he *denies* that Searl had any authority to make the sale, his demand as owner is for the logwood itself· or its value, which may be greater or less than the price agreed to be paid, and at any rate is not a debt of which, as such, " he may compel the payment."   The words of the English statute do not at all dif-fer in meaning from those of the Code ;ₐ and the court of ex-chequer has held that, by their necessary construction, they preclude a purchaser of goods from calling his vendor to in-terplead with a third person claiming to be the owner.   And one of the learned judges truly observed that, independent of the statute, an interpleader in such a case had never been allowed in a court of equity. (*Stanly* agt. *Sidney*, 14 Meeson & Welsby, 800.)

The provisions of the Code, like those of the English stat-

utes, were certainly not designed to introduce new cases of inter-pleader, but merely to enable defendants, in cases where an interpleader is proper, to relieve themselves by a summary pro-ceeding from the delays and expense of a formal action.

The alternative motion, that Delafield may be made a co-de-fendant, must also be denied. This is not an action for the recovery of real or personal property within the meaning of the Code. He has no interest that can be endangered or affected by any judgment that the plaintiffs may obtain; nor is his pres-ence necessary to a complete determination of the controversy. As owner of the logwood, he must seek his remedies against the defendants, or those into whose hands the property may have passed.

The objection, that the defendants have offered to pay into court a less sum than is demanded by the complaint, if other objections could be removed, I should by no means regard as fatal. I should then have no difficulty in directing a reference, or an issue for ascertaining the sum which the defendants, as the price of the logwood, are bound to pay.

I remark, in conclusion, that unless the defendants have ren-dered themselves absolutely liable, which is strenuously denied by their counsel, I do not see that they can be prejudiced by the denial of this motion. If the sale made by Searl was fraud-ulent and void, the title of the true owner, according to the de-cision of this court in *Bates* agt. *Stanton*, (1 *Duer*, 79,) may be set up by them as a full defence.

I shall deny both motions without costs, and with liberty to the defendants, if they shall be so advised, to commence a regular action for compelling an interpleader.