Allen<br>
v.<br>
Cox.

---

ALLEN *v.* Cox and Others.

 APPEAL from the *Montgomery* Court of Common <span>Monday,</span>
Pleas.                                                                    *December* 20.

 HANNA, J.— This was an action by *Cox* and others against *Allen* and two other persons, to recover for the rent of a certain mill, &c.

 The defendants other than *Allen* were served with process in said county, and appeared and answered. *Allen* was served with process in the state of *Illinois*, of which state he was a resident—he was defaulted.

 The Court, after hearing the evidence, found against said *Allen* 331 dollars, 50 cents, and rendered a judgment in the usual form, that the plaintiffs recover of the said defendant that amount. The other defendants had judgment for costs.

 The only point made by the appellant in his brief is, that "there was a personal judgment rendered against him, which was manifestly erroneous."

 The statutes upon this subject are, first, § 39, 2 R. S. p. 36, which says that, "when the defendant is a non-resident, personal service of the summons out of the state is equivalent to publication," &c.; and secondly, § 395, *id.* p. 126, which says: "No personal judgment shall be rendered against a defendant constructively summoned, who has not appeared in the action."

 Under these statutes, and the service in this case, was the judgment entered legal? We are of opinion it was not.

*Per Curiam.*—The judgment is reversed with costs.

*S. C. Willson* and *J. E. McDonald*, for the appellant.