## James Snodgrass *v.* A. L. Butler.

1. Interpleader.  *When proper remedy.*
   In order to sustain a bill of interpleader, the complainant must be a naked trustee of property for which there are two or more claimants, to either of whom he is ready to deliver it; but, unwilling to decide which is rightful owner, he devolves the decision on the court.

2. Same.  *Fund must be brought into court.*
   The complainant in a bill of interpleader must bring the money into court, subject to its control.

3. Same.  *Affidavit of no collusion.*
   A bill of interpleader must be fortified by an affidavit that the complainant is not in collusion with either contestant.

4. Same.  *By agent.*
   An agent who has collected money for his principal cannot interplead his principal and a third party who is an adversary claimant.

5. Same.  *Privity between claimants necessary.*
   A bill of interpleader will not ordinarily lie, except in case of privity of some sort between the parties, as of estate, title, or contract.  ·If several claimants assert rights under adverse titles of different natures, such rights cannot properly be litigated in this suit.

6. Same.  *By tenant.*
   A tenant can interplead only those persons who claim rent in privity of contract or tenure, as the original lessor and his assignee.  If a stranger claims under title paramount, there is an absence of privity, and the suit cannot be maintained.

7. Same.  *Bill must set out claims of contestants.*
   The complainant must set forth in his bill the claims of the proposed contestants, that the court may see that they sustain such relation to the fund as calls for an interpleader.

8. Same.  *Case in judgment.*
   S., having taken possession of certain premises as tenant of B., filed a bill against B. and D., alleging that N. was once the owner in fee of the land, that, having investigated, he had ascertained that D. (who had notified him that he would hold him for rent) claimed to be the real owner, and that B. had sued for rent; and praying that B. and D. be compelled to interplead.  The bill gave no explanation of the nature of D.'s title, or what had become of N.'s, and no privity was shown between D. and B.  The money was not alleged to have been paid into court, nor was there an offer in the bill to pay it in, and there was no affidavit that the complainant was not in collusion with either claimant.  *Held*, that the bill was demurrable.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

James Snodgrass, in March, 1876, filed this bill of interpleader against A. L. Butler and Orlando Davis, alleging that early in 1875 he rented from Butler a certain tract of land, which was improved and unoccupied, and went into possession ; that Butler represented his title to be good ; that the complainant was induced to believe it a valid title, but does not now so regard it ; that one B. D. Nabors acquired title to the land in 1857, in fee-simple ; that Butler induced the complainant to rent the premises, that he might fraudulently appropriate the rents for a few years ; that the complainant has investigated the title, and ascertained that Orlando Davis claims to be the real owner, and has been notified by Davis that he will hold him responsible for the rent, and not to pay it to any one else ; and that Butler, who is insolvent, has instituted proceedings against the complainant for the rent. The prayer of the bill was that Butler and Davis be made defendants to the bill, and compelled to interplead ; that the proceedings instituted by Butler to recover the rent be enjoined, the complainant offering to pay such sum as may be found due, at the end of the litigation between the interpleaders, to the party entitled thereto. There was also a prayer for general relief. The complainant did not, however, pay into court with the filing of his bill, nor offer to pay in, the sum due for the rent of the place ; nor was the bill accompanied by an affidavit that the complainant was not in collusion with either claimant.

The defendant, Butler, demurred to the bill, on the following grounds : —

1. That the complainant did not pay the money into court with his bill, and did not offer to do so.

2. That a bill of interpleader will not lie by a tenant against his landlord and a third party claiming the same rent.

3. That a mere tenant cannot be converted into a trustee by an adverse claim, since his possession is that of his landlord.

4. That the complainant did not file with his bill an affidavit showing that there was no collusion between him and O. Davis, or any other party.

5. General informality and insufficiency in the bill.

From a decree sustaining the demurrer, and dismissing the bill, the complainant appealed.

*Lawrence Johnson*, for the appellant.

1. The demurrer, unaccompanied by an answer, being to the whole bill, which charges fraud, should have been overruled. *Graves* v. *Hull*, 27 Miss. 419; *Shearer* v. *Shearer*, 50 Miss. 113.

2. The rule that a tenant cannot dispute his landlord's title has no application where the lease was obtained by fraud on the part of the landlord. Taylor's Landlord and Tenant, §§ 98–100; *Boyer* v. *Smith*, 5 Watts, 55, 66; *Brown* v. *Dysinger*, 1 Rawle, 408; *Hockenbury* v. *Snyder*, 2 Watts & Serg. 240; *Jackson* v. *Ayers*, 14 Johns. 224; 6 Cowen, 178; 7 Cowen, 637.

3. The contract of lease itself implies a contract to put the lessee in possession with good title. 1 Parsons on Contracts, 422; Sheppard's Touchstone, 165.

4. It is essential to the validity of a lease that the lessor be seised at the time of the lease. 2 Bl. Com. 318; 2 Lomax Dig. 83, 84; Bouvier Law Dic., title " *Nil habuit*," &c.

5. Where a tenant accepted a lease under a *mistake* as to the landlord's title, he was permitted, in an action of ejectment, to set up an outstanding title. *Shultz* v. *Elliott*, 11 Humph. 183. See also *Willison* v. *Watkins*, 3 Pet. 43.

6. The foregoing authorities establish numerous exceptions to the general rule that a tenant cannot dispute his landlord's title. It is submitted that the facts set forth in this bill present a stronger case for allowing the exception than any of those referred to.

7. The general doctrines of interpleader in equity are settled in this court. *Browning* v. *Watkins*, 10 S. & M. 482; *Yarborough* v. *Thompson*, 3 S. & M. 291. See also 2 Story Eq. Jur. § 807.

8. The rule laid down in 2 Story Eq. Jur. § 812, cannot apply here, because: (1.) It is only an obscure application of the general rule, that the tenant shall not dispute his landlord's title. (2.) Reference to the authorities cited by Story discloses that the rule was applied in cases of bailment alone.

(3.) The allegation of fraud in this bill is of itself sufficient to give the court jurisdiction.

9. The first ground of demurrer is copied from 2 Dan. Ch. Pr. 1666, leaving out the important qualifying words " as a general rule." The allegations of fraud, and of Butler's insolvency, take this case out of the general rule.

10. The main objections made to the bill are as to a bill of interpleader. It is not wholly a bill of interpleader, but is framed with a twofold aspect. Besides the prayer for interpleader, it contains a prayer for an injunction to prevent irreparable injury on the ground of Butler's fraud and insolvency, and a prayer for general relief. This is strictly in accordance with the rules of chancery practice. 1 Dan. Ch. Pr. (3d ed.) 383, n. 1; Story Eq. Pl. § 42; *Colton* v. *Ross*, 2 Paige, 396; *Pleasants* v. *Glasscock*, S. & M. Ch. 17.

*Featherston, Harris & Watson*, for the appellee.

1. The first ground of demurrer, that the money was not paid into court, is well taken. Story Eq. Pl. §§ 291, 292; Dan. Ch. Pr. 1671; *Anderson* v. *Wilkinson*, 10 S. & M. 601. No injunction can be granted in such case until the money has been paid into court. Story Eq. Pl. § 297.

2. The second ground of demurrer is also good. Where a tenant seeks relief by interpleader, it must appear that the persons claiming the rent, claim it in privity of contract or tenure, as mortgagor and mortgagee, trustee and *cestui que trust*. In cases of that sort, the tenant does not dispute the title of his landlord, but affirms it, as well as the contract and tenure by which the rent is payable, placing his claim for relief upon the uncertainty of the person to whom he is to pay. Story Eq. Pl. §§ 293, 294, 296; 2 Story Eq. Jur. §§ 812, 817; 2 Dan. Ch. Pr. 1662, 1667, 1668.

3. The fourth ground of demurrer, that the complainant has not filed an affidavit showing an absence of all collusion between himself and either of the interpleaders, is sustained by the authorities. Story Eq. Pl. § 297; 2 Story Eq. Jur. § 809; 2 Dan. Ch. Pr. 1671, note, and authorities cited; 3 Dan. Ch. Pr. 2028.

4. The fifth ground of demurrer, general insufficiency and informality in the bill, needs no comment. The third

ground is settled in our favor by the authorities cited under the second.

SIMRALL, C. J., delivered the opinion of the court.

The predicate of a bill of interpleader is that the complainant is the mere holder of a stake, which he desires to be contested for by other parties, he being wholly indifferent between them. He must occupy the position of a naked trustee of property, which he is willing to deliver to the rightful owner; but since there are two or more claimants, and he is not willing to decide which has the better right, he proposes to devolve that responsibility on the court. Disclaiming any interest in that question, and in evidence of his sincerity, he must bring the money into court, and subject it to its control, and must fortify his bill with an affidavit that he is not in collusion with either contestant. *Hyman* v. *Cameron*, 46 Miss. 725, 729; 2 Story Eq. Jur. §§ 807, 808; Story Eq. Pl. § 297. The complainant must disclose a right to bring such bill; that is, he must show that he is a mere implied trustee. An agent who has collected money for his principal is not so far an implied trustee as that he can interplead his principal and a third person, who is an adversary claimant. Nor will such bills lie ordinarily, except in cases of privity of some sort between the parties, as of estate, title, or contract. It would follow, that if the several claimants assert rights under adverse titles, which are of different natures, such rights cannot properly be litigated in this suit. The rule finds an apt illustration in the case of a tenant, who can only interplead those persons who claim rent in privity of contract or tenure, as where the conflict is between the original lessor and one claiming the rent as assignee. But if a stranger claims under title paramount, there is an absence of privity, and the suit cannot be maintained. Story Eq. Pl. § 294; 2 Story Eq. Jur. §§ 811, 821.

The bill seems to be inconsistent. It avers, first, that one Nabors is owner in fee of the land, under a conveyance in 1857, and then alleges that, on investigation since the complainant went into possession, he has ascertained that Davis claims to be the real owner. It is not disclosed what has

become of the title which vested in Nabors in 1857, nor does the complainant explain the character of Davis's title so as to discover how he is the true owner. It was incumbent on the complainant to set forth the claims of the proposed contestants, in order that the court may see that they sustain such relations to the fund as call for an interpleader. Story Eq. Pl. § 293. It is not shown that there is privity of title, estate, or contract between Butler and Davis; indeed, the pleader most probably meant to affirm that Davis claimed by adverse paramount title as against Butler. Further, the complainant did not pay the money into court, nor did he accompany his bill with the affidavit that he was not in collusion with either claimant. The demurrer was properly sustained.       *Decree affirmed.*