BARTLETT and others *v.* HIS IMPERIAL MAJESTY THE SULTAN, etc.

*(Circuit Court, S. D. New York.   March 27, 1885.)*

WAREHOUSEMAN—ADVERSE CLAIMANTS OF GOODS—INTERPLEADER.
    A warehouseman whose lien for storage is not disputed cannot maintain a
    bill of interpleader to protect himself against the claim of his bailor and that
    of a third person who asserts an adverse title to goods stored with him as against
    the bailor, but must defend himself at law.

Motion for Injunction *pendente lite.*
*W. W. Goodrich,* of counsel, for complainants.
*Butler, Stillman & Hubbard,* for defendants.
*Thos. E. Stillman* and *Adrian H. Joline,* of counsel.

WALLACE, J.   Complainants' motion for an injunction *pendente lite*
is resisted mainly upon the ground that the complainants' bill is de-
murrable for want of equity.   The bill shows that the complainants,
as warehousemen, have in their possession a large quantity of arms,
of the value of about $900,000, which were deposited with them by
the firm of Drexel, Morgan & Co., and for which, in July, 1882, com-
plainants, at the request of Drexel, Morgan & Co., issued negotiable
warehouse receipts; that shortly thereafter the defendant, the sultan
of Turkey, claiming to be the owner of the arms, demanded them of
complainants, and upon their refusal to give them up brought an
action at law in this court for trover; that thereafter the American
National Bank of Providence, claiming to be the holder of the ware-
house receipts issued by complainants, demanded the arms, and upon
complainants refusal to deliver them brought an action against them
in this court.   The bill also alleges that the Providence Tool Com-
pany and one Hunt claim some interest in the arms.   The sultan,
the American National Bank of Providence, the Providence Tool Com-
pany, and Hunt are made defendants in the bill, and the prayer is
for an injunction restraining all proceedings on the part of the de-
fendants in relation to the arms, and that they be required to inter-
plead.

So far as appears by the bill, none of the parties claiming the prop-
erty in complainants' possession dispute complainants' lien for stor-
age and charges.   The complainants, therefore, have no interests of
their own to assert or protect further than to be relieved from liabil-
ity to two or more different claimants of the property.   None of the
defendants claim title derived from the complainants.   The Ameri-
can National Bank derives title from the bailors of the complainants,
and the other defendants assert a paramount title.

The bill is a pure bill of interpleader, and presents the common
case of a bailee who seeks to protect himself against the claim of his
bailor and that of a third person who asserts an adverse title to the
bailor.   The authorities are decisive against his right to maintain an
interpleader.   It is sufficient to refer to *Crawshay* v. *Thornton,* 2

Mylne & C. 1; *Marvin* v. *Ellwood*, 11 Paige, 365; *First Nat. Bank* v. *Bininger*, 26 N. J. Eq. 345. The hardship of the case has frequently been adverted to by the authorities; and in England a remedy has been given by statute. Common Law Proc. Act 1860, § 12. See *Attenborough* v. *St. Katharine's Dock Co.* L. R. 3 C. P. Div. 373, 377; Id. 450.

As is said by Judge STORY: "The party holding the property must defend himself as well as he can at law, and he is not entitled to the assistance of a court of equity, for that would be to assume the right to try merely legal titles upon a controversy between different parties where there is no privity of contract between them and the third person who calls for an interpleader." Story, Eq. § 820.

The motion must be denied.