BASSETT *et al. v.* LESLIE *et al.*

*(Supreme Court, General Term, First Department.* June 6, 1890.)

INTERPLEADER—WHEN LIES.

A purchaser arranged with a bank that it should give the seller its acceptance for the price of the goods, taking the purchaser's acceptance for the same amount. The bank failed before its acceptance to the seller matured, and assigned the purchaser's acceptance to a third person, who sued the purchaser on it; and the seller also brought suit for the price of the goods. *Held,* that interpleader against the seller and the holder of the acceptance would not lie, as they did not claim the same debt of the purchaser.

Appeal from circuit court, New York county.

Action by George F. Bassett and others against Frank Leslie and Alcock & Co. Demurrer to the bill was sustained, and plaintiffs appeal. The opinion of the court below, referred to, is as follows:

"The complaint alleges a sale of the merchandise to plaintiffs, not to the American Exchange. The merchandise was delivered to the American Exchange, as the agent of the plaintiffs, under the agreement between the parties; and the plaintiffs were liable to the sellers for the amount due thereon. The plaintiffs were not liable to the American Exchange until the American Exchange had paid to Alcock & Co. the bill of exchange that they had accepted on account of plaintiffs. That bill of exchange not having been paid, there was no consideration for the acceptance by the plaintiffs of the bill of exchange on the plaintiffs; and, as between the plaintiffs and the American Exchange, the payment of that acceptance could not be enforced. There is, therefore, no liability to any one except the plaintiffs for the merchandise purchased; and the liability of plaintiffs to Alcock & Co. does not at all depend upon the obligation to pay Frank Leslie for the acceptance which was transferred to her. Nor is there any liability to Alcock & Co. on the acceptance of the bill of exchange drawn on plaintiffs. Plaintiffs' liability on that bill depends on the rights acquired by Leslie on the transfer of the bill to her. There are not, therefore, two conflicting claims on the plaintiffs for the same fund or debt; but the liability to one is for goods sold, and to the other on an acceptance of a bill of exchange which, as between the drawer and acceptor, is without consideration, but is claimed by a third party as a *bona fide* transferee, before maturity, for value. If the allegations of the complaint are true, plaintiffs have a defense in an action on the acceptance in the hands of the defendant Leslie; but whether that defense can be sustained or not, the plaintiffs would still be liable to Alcock & Co. for the goods purchased by them. On the complaint, the plaintiffs owe but one debt, and that is to Alcock & Co.; but there liability to pay that debt is entirely independent of the liability to the defendant Leslie. The foundation of the right to maintain an action for an interpleader is that the plaintiff owes but one specific debt or obligation, and that two or more parties claim the payment of the specific debt, or the performance of the obligation. Here two parties present two entirely distinct claims against the plaintiffs, arising upon different instruments, and based upon different obligations of the plaintiffs. The plaintiffs are not, therefore, entitled to any relief in this action; and the demurrer must be sustained, with costs, with leave to the plaintiffs to answer on payment of costs."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wing, Shoudy & Putnam, (J. A. Shoudy,* of counsel,) for appellants. *Fullerton & Rushmore, (C. E. Rushmore,* of counsel,) for respondents.

VAN BRUNT, P. J. It is hardly necessary to add anything to the opinion of Mr. Justice INGRAHAM, who disposed of the case in the court below. We think that the error under which the appellant labors is the assumption that the plaintiff can only be under one liability, and that there is reasonable doubt whether such liability is to Alcock & Co. or to the defendant Frank Leslie.

The theory upon which bills of interpleader can be maintained is that the plaintiff owes a debt of a conceded sum to one of two or more claimants, to which he cannot tell; and, if he owes this sum to one claimant, the other or others have, of necessity, no claim upon him. The plaintiff is clearly not in this situation. Alcock & Co. claim upon a bill of goods sold. Frank Leslie claims upon an accepted draft. The plaintiff may be liable to Alcock & Co. for the goods, and also to Frank Leslie upon the draft; the question between the plaintiffs and Alcock & Co. being whether the latter sold the goods to the former, and the question between Frank Leslie and the plaintiff is whether Frank Leslie holds this draft under such circumstances as that the plaintiff is liable upon it to her. It may be that under certain contingencies the plaintiff, if liable to Alcock & Co., may not be liable to Frank Leslie; but, as that is not necessarily so, interpleader will not lie. The judgment appealed from should be affirmed, with costs, with leave to the plaintiffs to amend upon payment of the costs of this appeal and of the special term. All concur.