(20 Misc. Rep. 410.)

## COLSTON v. PEMBERTON.

(City Court of New York, General Term. May 29, 1897.)

**1. Lex Loci Contractus.**

The lex loci contractus determines the rights of the parties, and the validity of a contract of guaranty, where the note and guaranty thereon were executed in Tennessee, where all the parties thereto resided, and where the contract was to be performed.

**2. Guaranty—Consideration.**

A guaranty executed at the same place and on the same day as a note with a consideration expressed on its face, and referring thereto, is supported by a sufficient consideration, under the laws of Tennessee, which provide that a guaranty is supported by the original consideration between the original parties, where the two instruments are executed concurrently, and the guaranty refers to the note guarantied.

Appeal from trial term.

Action by Charles R. Colston against Francis R. Pemberton on a contract of guaranty. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Frank S. Smith, for appellant.

Russell, Robinson & Winslow, for respondent.

CONLAN, J. This is an appeal from a judgment entered by direction of the court, and from an order denying a motion for a new trial. The action was commenced by the plaintiff, as assignee for value of one Robert D. Whitice, to enforce a certain contract or guaranty on a note of the Kensington Land Company, a Tennessee corporation. The guaranty sued upon was executed by the defendant herein in the name of F. R. Pemberton & Co., but the note and guaranty thereon were executed at the city of Chattanooga, in the state of Tennessee; and both said Whitice and said defendant were at the time of the execution thereof residents of, and had their places of business in, said city and state, and it was there that the contract was to be performed. The lex loci contractus determines the validity of the contract, and the rights of the parties thereto. The testimony as to the laws of the state of Tennessee is to the effect that a guaranty in cases of the character in suit is supported by the original consideration between the original parties, where the two instruments are executed concurrently, and the guaranty refers to the note guarantied. The note in question was dated at Chattanooga February 19, 1891, and expressed a consideration on its face. The defendant's guaranty is also dated February 19, 1891, at Chattanooga, and refers to two notes (one being the note in suit) as having

been made on that date. This brings the case squarely within the laws of the state of Tennessee. As appears by the undisputed evidence, the two instruments were executed at the same place on the same day, and refer to each other, and, for the purpose of the action, must be held to have been executed concurrently. This disposes of the plaintiff's right to recover, and, as the record discloses no error committed on the trial, the judgment must be affirmed.

Judgment affirmed, with costs. All concur.