## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *v.* KIDDER.

[No. 20,296. Filed March 31, 1904.]

INTERPLEADER.—*Statute.*—*Pleading.*—Section 274 Burns 1901 created no new cause of interpleader, but is a mere substitute for the equitable remedy by independent suit, and is governed by the same rules. *pp. 386, 387.*

SAME.—*Insurance.*—*Action on Check Given in Settlement of Policy.*—*Rights of Creditors.*—*Privity.*—An insurance company delivered a check to the beneficiary in payment of its liability, the beneficiary surrendering to the company the policy as fully paid. Before the payment of the check, certain corporations, claiming to be creditors of a corporation in which insured was a large stockholder, demanded payment to them of the proceeds of the policy, stating that said insurance was paid for by the corporation, that the corporation was insolvent, and if checks had been delivered to anyone on account of said insurance, a demand was made that the insurance company stop payment. Payment was accordingly refused, suit brought on the check, and the insurance company filed an interpleader seeking to have the claimant creditors substituted as defendants in its place, and upon its depositing in court the amount

of the check, interest, and costs to be discharged from liability. *Held,* that the insurance company was not a mere stakeholder, but a debtor of plaintiff, standing in privity. with her alone, and that the interpleader could not be maintained. *pp. 387–390.*

INTERPLEADER.—*Creditors of Insolvent Corporation.—Receiver Acts For.— Insurance.*—The creditors of an insolvent corporation·in the hands of a receiver can not be interpleaded with the beneficiary of a life insurance policy in an action by such beneficiary on a check given her in payment of the policy, upon the claim of such creditors that insured was the principal stockholder in the insolvent corporation, and used the funds of the corporation in payment of the premiums on the policy, since whatever right, if any, the creditors had to the proceeds of the policy was vested in the receiver of the corporation, for the benefit of all the creditors, and said receiver alone had the right to recover the same. *pp. 390–392.*

From Vigo Circuit Court; *J. E. Piety,* Judge.

Action by Kate Kidder against the Northwestern Mutual Life Insurance Company. The court sustained a demurrer to defendant's interpleader, and defendant appeals. Appealed from. Appellate Court, under subdivision 3, §1337j Burns 1901. *Affirmed.*

*B. V. Marshall, Albert Baker* and *Edward Daniels,* for appellant.

*J. G. McNutt* and *F. A. McNutt,* for appellee. ⸴

MONKS, J.—Appellee sued appellant on February 12, 1902, in the Vigo Circuit Court upon a bank check dated January 25, 1902, 'for $10,000 drawn by appellant upon the Wisconsin National Bank of Milwaukee, payable to appellee. Appellant on February 25, 1902, filed an interpleader and sought therein to have other alleged claimants substituted as defendants in its place, and to be discharged from liability to either party on its depositing in court the amount of said check, interest, and cost, as provided in §274 Burns 1901, §273 R. S. 1881 and Horner 1901. At the same time appellant filed proof of service of notice of said interpleader on the other alleged claimants. A motion by appellee to make the pleading more specific was sustained by the court. Afterwards, on July 11, 1902, appellant filed a verified amendment to its interpleader. Ap-

pellee on the same day filed a demurrer to appellant's amended interpleader, and at the same time appellant filed a motion to strike said demurrer from the files "for the reason that the statute on the subject of interpleaders does not contemplate demurrers thereto." On July 12, 1902, the court overruled said motion, and sustained said demurrer to appellant's amended interpleader, and on the same day rendered final judgment in favor of appellee against appellant for the amount of said check, interest, and costs.

The errors assigned and not waived are: "(1) The court erred in sustaining appellee's motion to make appellant's interpleader more specific; (2) the court erred in overruling appellant's motion to strike out appellee's demurrer to appellant's amended interpleader; (3) the court erred in sustaining appellee's demurrer to appellant's amended interpleader."

It appears from appellant's amended interpleader that appellant, a foreign corporation, on September 6, 1894, executed its policy of life insurance, by which it promised to pay to appellee, wife of Edson W. Kidder, of Terre Haute, Indiana, upon proof of the death of said Edson W. Kidder, the sum of $10,000; that said Edson W. Kidder died on January 12, 1902, said policy being at that time in full force for the sum of $10,000, and thereafter, upon due proof being made by appellee, the beneficiary in said policy, of the death of said Edson W. Kidder, appellant, at Milwaukee, Wisconsin, on January 25, 1902, signed the check sued upon, and on January 27, 1902, caused the same to be delivered to appellee at Terre Haute, Indiana, in payment of said life insurance policy, and the same was received by appellee as a payment in full of said policy, and she at the same time surrendered said policy to appellant as fully paid. On January 28, 1902, after said check had been delivered to appellee and said life insurance policy surrendered as aforesaid, certain national banks and trust com-

panies, located in Connecticut, Massachusetts, Pennsylvania, and Rhode Island, claiming to be creditors of the W. L. Kidder & Son Milling Company of Terre Haute, Indiana, demanded of appellant the payment to them of the $10,000 payable under said policy, and notified appellant not to pay said insurance policy on the life of said Edson W. Kidder to appellee, stating that said insurance was paid for by said milling company, that said corporation was insolvent, and said fund belonged to its creditors, and if checks had been delivered by appellant to anyone on account of said insurance, a demand was made that appellant "stop payment" thereof; that appellant had no notice of the claim of said creditors until January 28, 1902. On January 30, 1902, the Wisconsin National Bank of Milwaukee, by direction of appellant, refused payment of the check sued upon. On February 11, 1902, said creditors notified appellant that said Edson W. Kidder, the person "insured in said policy, was at the time of his death practically the only stockholder of W. L. Kidder & Son Milling Company, and dominated its board of directors; that he had for a considerable time been largely indebted to said corporation, and that it had for a long time been insolvent; that portions of its moneys had by said Edson W. Kidder been wrongfully diverted from the creditors of said corporation to the payment of the premiums on said policy of insurance issued by appellant, and that the creditors asserted ownership of the whole proceeds of said life insurance policy, by reason of said alleged wrongful diversion of the funds under said circumstances;" that although said insurance policy was issued long prior to the formation of the corporation of W. L. Kidder & Son Milling Company, "the later premiums were paid after the organization of W. L. Kidder & Son Milling Company, and from the funds of that corporation, and that the creditors could at least claim a proportion of that insurance, and should assert a

claim to the whole of it." At the time the check sued upon was in the hands of appellant's agent at Terre Haute for delivery to appellee, a number of the creditors of the W. L. Kidder & Son Milling Company were informed of said fact, and they made no objection thereto; and neither they nor the receiver of said W. L. Kidder & Son Milling Company gave any notice to appellant's said agent before or at the time the settlement was made with appellee, and said check delivered to her. A reciver of the W. L. Kidder & Son Milling Company was appointed by the Vigo Circuit Court, and had entered upon the discharge of his duties before January 27, 1902.

Section 274 Burns 1901, §273 R. S. 1881 and Horner 1901, under which said interpleader was filed, is as follows: "A defendant against whom an action is pending upon a contract, or for specific real or personal property, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion with him, makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order." Said §274 is a copy of §122 of the New York code of 1851 (Voorhies' Code 1851, 82), and it has been uniformly held that the same created no new cases of interpleader, but that the statutory remedy as to all cases falling within its provisions is a mere substitute for the equitable remedy by independent suit, and is governed by the same rules. *Sherman* v. *Partridge*, 11 How. Pr. 154, 4 Duer 646; *Vosburgh* v. *Huntington*, 15 Abb. Pr. 254, 257; *Pustet* v. *Flannelly*, 60 How. Pr. 67, 69; *Delancy* v. *Murphy*, 24 Hun 503; *Stevenson* v. *New York Life Ins. Co.*, 41 N. Y. Supp. 964-966, 10 Hun, App.

Div., 233, 235; *Venable* v. *New York, etc., Ins. Co.,* 49 N. Y. Super. Ct. 481; *Wells* v. *National City Bank,* 58 N. Y. Supp. 125, 126-128; *Standley* v. *Roberts,* 59 Fed. 836, 841, 8 C. C. A. 305; *Nelson* v. *Goree,* 34 Ala. 565, 576, 577; *Johnson* v. *Maxey,* 43 Ala. 521, 541; Pomeroy, Eq. Jurisp. (2d ed.), §1329.

It is laid down in Pomeroy, Eq. Jurisp. (2d ed.), §1322, "that the equitable remedy of interpleader, independent of recent statutory regulations, depends upon and requires the existence of the four following elements. * * * 1. The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded. 2. All their adverse titles or claims must be dependent, or be derived from a common source. 3. The person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter. 4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder." It must also appear from the facts alleged in the interpleader that the plaintiff can not pay either claimant without hazard to himself; in other words, that the third party's claim has some reasonable foundation, or that there is some reasonable doubt as to whether the stakeholder would be reasonably safe in paying out the money. *Nofsinger* v. *Reynolds,* 52 Ind. 218, 225; *Crane* v. *Burntrager,* 1 Ind. 165, 169; *Ketcham* v. *Brazil Block Coal Co.,* 88 Ind. 515, 517; *Bassett* v. *Leslie,* 123 N. Y. 396, 399, 25 N. E. 386, 10 N. Y. Supp. 483; *Crane* v. *McDonald,* 118 N. Y. 648, 654, 23 N. E. 991; *Trigg* v. *Hitz,* 17 Abb. Pr. 436, 439-441; *Hinsdale* v. *Bankers Life Ins. Co.,* 76 N. Y. Supp. 448, 72 Hun, App. Div., 180; *Lennon* v. *Metropolitan Life Ins. Co.,* 45 N. Y. Supp. 1034; *Roberts* v. *Vanhorne,* 21 Hun, App. Div., 369, 370, 47 N. Y. Supp. 448; *Stevenson* v. *New York Life Ins. Co., supra; Nassau Bank* v. *Yandes,* 44 Hun 55; *Baltimore, etc., R. Co.* v. *Arthur,* 90 N. Y. 234, 237, 238.

"Where there is no privity between the claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can against each separate demand; a court of equity will not grant him interpleader. *Pearson* v. *Cardon,* 2 Russ. & M. 606, 609-612; *Crawshay* v. *Thornton,* 2 Myl. & Cr. 1, 19-24; *Nickolson* v. *Knowles,* 5 Madd. 47; *Cooper* v. *DeTastet,* Tam. 177; *Pfister* v. *Wade,* 56 Cal. 43; *Third Nat. Bank* v. *Skillings Lumber Co.,* 132 Mass. 410." Pomeroy, Eq. Jurisp. (2d ed.), §1324. The same rule is declared in *Crane* v. *Burntrager,* 1 Ind. 165, 168; *White Water, etc., Co.* v. *Comegys,* 2 Ind. 469, 472, 473; *Kyle* v. *Mary Lee, etc., R. Co.,* 112 Ala. 606, 20 South. 851; *Gibson* v. *Goldthwaite,* 7 Ala. 281, 42 Am. Dec. 592; *Stone* v. *Reed,* 152 Mass. 179, 183, 184, 25 N. E. 49; *Fairbanks* v. *Belknap,* 135 Mass. 179; *First Nat. Bank* v. *Bininger,* 26 N. J. Eq. 345; *Bartlett* v. *His Imperial Majesty,* 23 Fed. 257; *United States Trust Co.* v. *Wiley,* 41 Barb. 477, 479, 480; *Snodgrass* v. *Butler,* 54 Miss. 45; *Scott* v. *Midland, etc., R. Co.,* 2 Ir. C. L. 83, 85. This rule in regard to privity was abrogated in England by the common law procedure act of 1860 (23 and 24 Vict. Chap. 126, §12), and in California in 1881 by §386 of the code of civil procedure. Pomeroy, Eq. Jurisp. (2d ed.), §1324, note 1; *Altenborough* v. *London, etc., Dock Co.,* L. R. 3 C. P. D. 450, 455-457; *Lazarus* v. *Harris,* 9 N. S. W. 148; *Bartlett* v. *His Imperial Majesty, supra.*

It is said in Pomeroy, Eq. Jurisp. (2d ed.), in a note to §1327, page 2043: "As a general rule, where A and B are bound by express contract, A can not maintain an interpleader suit against B or a person holding or claiming under him, and a stranger who asserts and claims under an antagonistic and paramount title. A is under an independent liability to B. For example, a vendee of real or personal property, with respect to his liability to pay the

purchase price, cannot interplead his vendor and a third person claiming to own the property by an independent antagonistic title.  *James* v. *Pritchard,* 7 M. & W. 216; *Trigg* v. *Hitz,* 17 Abb. Pr. 436; *Shehan's Heirs* v. *Barnett's Heirs,* 6 Mon. 592."

There is no privity between appellant and said creditors of the milling company, or between appellant and said milling company or its receiver, and said creditors do not claim said check, or "the debt represented thereby," through any privity with appellee, but by a title paramount and adverse to her.  Appellant is not, as to appellee, a mere stakeholder, but is the debtor of appellee, standing in privity with her alone.  It is shown by the interpleader that the check executed by appellant to appellee was delivered by appellant and received by appellee in payment of the life insurance policy.  Thereafter no recovery could be had by appellee on the policy.  Her only remedy, if payment of the check was refused, was to sue upon the check.  The debt evidenced by the policy was extinguished.  *Sutton* v. *Baldwin,* 146 Ind. 361, 364, and cases cited.

As against appellee, the payee in said check, appellant was estopped from denying that she was the real party in interest when the check was executed.  *Johnson* v. *Conklin,* 119 Ind. 109, 110; *Blacker* v. *Dunbar,* 108 Ind. 217, 220; *Rogers* v. *Place,* 29 Ind. 577; *Offutt* v. *Rucker,* 2 Ind. App. 350, 354.  When appellee accepted said check as a payment of said policy, it became her check, just as if appellant had paid her so much money.  *Patorni* v. *Campbell,* 12 M. & W. 277.  By the execution of said check, appellant incurred a personal liability to appellee different from that which could be claimed by said creditors.  Pomeroy, Eq. Jurisp. (2d ed.), §§1323, 1324, 1326, 1327, and notes; *United States Trust Co.* v. *Wiley,* 41 Barb. 477; *Sherman* v. *Partridge,* 11 How. Pr. 154, 4 Duer 646; *Bassett* v. *Leslie,* 123 N. Y. 396, 25 N. E. 386, 10 N. Y. Supp. 483; *Trigg* v. *Hitz,* 17 Abb. Pr. 436; *Bechtel* v.

*Sheafer,* 117 Pa. St. 555, 560-569, 11 Atl. 889, and cases cited; *Pfister* v. *Wade,* 56 Cal. 43; *Crawshay* v. *Thornton,* 2 Myl. & Cr. 1, 20-24; *Lindsey* v. *Barron,* 6 C. B. (60 Eng. C. L.) 291; *Patorni* v. *Campbell, supra; James* v. *Pritchard,* 7 M. & W. 216, 8 Dowl. 890; *Staney* v. *Sidney,* 14 M. & W. 800; *Baker* v. *Bank of Australasia,* 1 C. B. N. S. (87 Eng. C. L.) 515; *Lazarus* v. *Harris, supra.*

If the said creditors were substituted for appellant as asked for in the interpleader, the litigation between them and appellee would not determine said question of estoppel between appellant and appellee, but would deprive her of her right to enforce the same against appellant. Under the authorities cited, interpleader will not lie in such a case unless the third party sought to be brought in claims by a derivative title. In this case it would be one who claims the check by title derived from the payee, Kate Kidder. It must acknowledge and not deny her title to the check. Pomeroy, Eq. Jurisp. (2d ed.), 2044, 2045, and notes; *Bechtel* v. *Sheafer, supra.* The authorities hold that even if the check was secured by mistake or appellee's fraud appellant could not set up such mistake or fraud in a proceeding of this kind. Pomeroy, Eq. Jurisp. (2d ed.), §2041; *Mitchell* v. *Northwestern, etc., Car. Co.,* 26 Ill. App. 295, 296.

Moreover, interpleader can not be maintained unless it is shown that the third party sought to be substituted under said §274 Burns 1901, is in existence and capable of interpleading. *Metcalf* v. *Hervey,* 1 Ves. 248, 249; *Browning* v. *Watkins,* 10 Sm. & M. (Miss.) 482; *Briant* v. *Reed,* 14 N. J. Eq. 271, 276.

It will be observed that at the time appellant was notified by said nonresident creditors of W. L. Kidder & Son Milling Company not to pay said insurance policy or the check to appellee, and at the time of filing said interpleader, said corporation was insolvent, and in the hands of a receiv-

er appointed by the Vigo Circuit Court—the court in which this action was brought. It is well settled that when the property of an insolvent corporation is in the hands of an assignee under the state insolvency laws, or a receiver or a trustee in bankruptcy, he represents the creditors, and has the exclusive right to recover and protect the assets of the corporation, and that such actions can not be maintained by the creditors in their own names. *First Nat. Bank* v. *Dovetail, etc., Co.,* 143 Ind. 534, 539, and cases cited; *National State Bank* v. *Vigo County Nat. Bank,* 141 Ind. 352, 356, 50 Am. St. 330, and cases cited; *Voorhees* v. *Indianapolis Car, etc., Co.,* 140 Ind. 220, 239, 240; *Voorhees* v. *Carpenter,* 127 Ind. 300, 301, 302-305, and cases cited; *Conner* v. *Long,* 104 U. S. 228, 26 L. Ed. 723; *Moyer* v. *Dewey,* 103 U. S. 301, 26 L. Ed. 394; *Trimble* v. *Woodhead,* 102 U. S. 647, 26 L. Ed. 290; *Glenny* v. *Langdon,* 98 U. S. 25, 25 L. Ed. 43, and cases cited; *Bardes* v. *First Nat. Bank,* 4 Am. B. R. 163, 166; *In re Rothschild,* 5 Am. B. R. 587; Bump, Bankruptcy (10th ed.), 147; High, Receivers (3d ed.), §§314, 315, 320.

Even if Edson W. Kidder did use the money of said milling company in the payment of the premiums on said insurance policy in such manner or under such circumstances as to entitle said corporation or its creditors to maintain an action against appellant therefor, or against appellee when she received the proceeds of said policy, to recover the same or any part thereof, after the appointment of the receiver by the Vigo Circuit Court, such action, under the authorities cited, could be maintained only by such receiver, and he could be compelled by order of court to bring and prosecute such suit. Whatever right, if any, said milling company or its creditors had to recover the proceeds of said policy, or any part thereof, or the premiums paid thereon, from appellant or appellee was vested in the receiver of said company, for the benefit of all the creditors, and said receiver alone had the right to recover

the same. It is evident that said creditors were not, on account of said receivership, capable of interpleading with appellee if substituted in place of appellant, under §274 Burns 1901. It follows from what we have said that the amended interpleader of appellant was insufficient.

Whether or not it was the proper practice to entertain and sustain a motion to make the interpleader filed by appellant more specific, and to permit a demurrer to be filed to the amended interpleader, and sustain the same, is immaterial, for the reason that the appellant's interpleader was clearly insufficient, and the result reached in holding the amended interpleader bad was correct. *Mansfield* v. *Shipp*, 128 Ind. 55, 57.

The notice to said creditors under §274, *supra*, was served on their attorney, a resident of this State, who gave the notice and made the demand upon appellant for said creditors in regard to said insurance policy and check. It is insisted by appellee that said notice, under §274, *supra*, must be personally served on each of said creditors, and that the service on said attorney was not sufficient to give the court below jurisdiction over their persons. §§314, 321 Burns 1901; *Allen* v. *Cox*, 11 Ind. 383; *Harkness* v. *Hyde*, 98 U. S. 476, 25 L. Ed. 237; *Patorni* v. *Campbell*, 12 M. & W. 277, 278. As the reasons already given are sufficient to sustain the action of the trial court in holding the amended interpleader insufficient, we need not determine this question.

Judgment affirmed.