## WILLIAM F. MacLENNAN *vs.* YEE CHONG, BISHOP & COMPANY and CECIL BROWN.

### November 16, 1904.

*Pleading.—Requirements of a Bill of Interpleader:*

A bill of interpleader not specifically setting forth the claims on the fund in possession of plaintiff sufficiently for the court to ascertain whether they were of the same nature and forming a proper subject for a bill of interpleader, demurrable.

*Interpleading.—Practice:*

The answer of those defendants standing, to the other defendants, in the relation of plaintiffs, not making a showing under which the case could be properly adjudicated, and praying to be permitted to amend; *held,* that an issue of title in the fund be formed under new pleadings.

In Equity: Interpleader.

Robert W. Breckons, Attorney for Plaintiff.
E. M. Watson, Attorney for Yee Chong.
J. J. Dunne, Attorney for Bishop & Co. and Cecil Brown.

DOLE, J.   The plaintiff as the agent of the Treasurer of the United States for the disbursement of a fund of one million dollars appropriated by Congress for payment, in .part, of judgments rendered by the Fire Claims Commission of the Territory of Hawaii, brought this bill of interpleader against the defendants, in relation to a sum of money in the amount of $1178.85, held by him as a part of the said fund to answer to a certain judgment of the said Fire Claims Commission in favor of the defendant Yee Chong.   The bill complained that the Yee Chong company and Bishop and Company and Cecil Brown severally insisted on some right or title to the said sum, and threatened litigation in relation thereto, and offered to pay such money into court.   The bill was probably demurrable in that it did not specifically set forth the claims on the fund in order that the court might ascertain whether they were of the same nature and a proper subject for a bill of interpleader.

This was, however, cured by the answers. An interlocutory decree was made, ordering the discharge of the complainant from liability to the defendants in relation to such money upon the payment by him of the money in question to the clerk of this court, and that his costs be paid from the same, and that the defendants interplead, which was done and the case came to a hearing, at which it appeared by the answers of Bishop and Company and Cecil Brown that as between all of the defendants, the case was not in a condition to be properly disposed of, such answers basing the claims of Bishop and Company and Cecil Brown upon certain bills of exchange held by them against Yee Chong. The court found that Bishop and Company and Cecil Brown stood in the relation of plaintiffs and that Yee Chong stood in the relation of defendant. The counsel of Bishop and Company and Cecil Brown asked leave to amend, in order to allege certain facts showing assignments by Yee Chong to them of the claim and judgment above mentioned. Under the circumstances, the court, under the authority of *Kirtland v. Moore,* 40 N. J. Eq. 106, 108; *Crane v. Burntrager,* 1 Ind. 165, 167-8; *Angell v. Hadden,* 16 Ves. 202; *North Pacific Lumber Co. v. Lang,* 52 Am. St. Rep. 780, 784-5; *City Bank v. Bangs,* 2 Paige, 570, 573, and *2 Daniel's Chan. Pl. & Pr.,* (6th. Ann. Ed.) 1569, directs that an issue of the question of title in the said money be formed, and that the plaintiff-defendants, Bishop and Company and Cecil Brown, have five days in which to file their pleadings and that Yee Chong have five days thereafter in which to answer.