GEORGE F. BASSETT et al., Appellants, *v.* FRANK LESLIE, Impleaded, etc., Respondent.

*It seems,* that to maintain an action of strict interpleader it is necessary to allege and show that two or more persons have preferred a claim against the plaintiff; that they claim the same thing; that plaintiff has no beneficial interest in the thing claimed, and that to which of the defendants it belongs, cannot be determined without hazard to the plaintiff. He must also offer to bring the money or the thing into court.

Such an action cannot be maintained where it appears from the complaint itself that one of the claimants is clearly entitled to the debt or thing claimed to the exclusion of the other.

(Argued October 20, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 16, 1890, which affirmed a judgment entered upon an order of Special Term sustaining a demurrer to the complaint interposed by defendant Leslie.

The complaint alleged, in substance, these facts: Plaintiffs, who were copartners doing business in the city of New York, were dealing with and making purchases from the firm of Henry Alcock & Co., of which firm Henry and John Alcock were copartners. By the terms of the agreement between them plaintiffs were to have credit to the amount of £2,000; for any excess of purchases above that amount Alcock & Co. were to draw on the American Exchange in Europe (Limited), with which corporation plaintiffs had arranged that when drafts were so drawn it would accept and then draw its drafts upon plaintiffs, payable about twenty days previous to the maturity of the drafts so drawn upon it; that plaintiffs would accept and pay the drafts so drawn upon it by the corporation at maturity, in order to place it in funds with which to meet the drafts of Alcock & Co. In accordance with said agreement, on or about March 28, 1888, Alcock & Co. drew upon said corporation at ninety days, for £344, 8s. and 3d., which draft was presented to

and accepted by the corporation, and thereupon Alcock & Co. delivered to said corporation a bill of merchandise which had been ordered by plaintiffs.   On April 9, 1888, said corporation drew upon plaintiffs, at sixty days, to cover the amount of the draft so drawn upon it, which draft plaintiffs accepted; at the time of acceptance said corporation delivered to plaintiffs the aforesaid bill of merchandise; plaintiffs, however, were required to and did sign a trust receipt agreeing to sell the merchandise for account of the corporation, the proceeds to be applied to the payment of said draft.   Before the maturity of the draft so drawn upon said corporation it became and has been since wholly insolvent and its property has gone into the hands of a receiver.   When said draft became due it was presented for payment, and payment was demanded and refused.   The draft so drawn upon and accepted by plaintiffs was transferred by said corporation to the defendant Frank Leslie, who now claims to be the owner and holder thereof, but the same was not transferred to said defendant for full value or in the usual course of business, and he parted with no money or value in consideration of the transfer, but the sole consideration therefor was a pre-existing indebtedness of the corporation to him.   The complaint further alleged that Leslie, claiming to be the owner of said draft, had commenced an action for the recovery of the amount thereof against plaintiffs, and that Alcock & Co. had also commenced an action against them for the amount of said bill of merchandise, both of which actions were still pending and undetermined; that plaintiffs admit their indebtedness for the merchandise so received by them to the amount of the draft drawn upon them, and "are ready and willing to pay the same, but they cannot determine, without hazard to themselves, to which of the defendants the right to receive such payment belongs."   The relief asked was that plaintiffs may be at liberty to pay the amount into court; that the defendants Leslie and Alcock & Co. may be decreed to interplead touching their said several claims, and that they be restrained from maintaining their said actions, etc.

*Joseph A. Shoudy* for appellant. The bill of exchange in respondent's hands is subject to all equities against it as between the original parties thereto. (*Lawrence* v. *Clark*, 36 N. Y. 128; *P. Ins. Co.* v. *Church*, 81 id. 218.) A plain case is made for the equitable interference of the court by requiring these parties to interplead and settle the question as to who is entitled to payment between themselves. (*Bd. Suprs.* v. *Deyoe*, 77 N. Y. 226; *Badeau* v. *Rogers*, 2 Paige, 209; *Bedell* v. *Hoffman*, 2 id. 199; 2 Dan. Ch. 1562; *Down* v. *Fox*, 61 N. Y. 268; *B. & O. R. R. Co.* v. *Arthur*, 90 id. 237; *M. & H. R. R. Co.* v. *Clute*, 4 Paige, 203.) If we assume, for the purposes of the argument, that in receiving the goods the Exchange was acting as the agent for the plaintiffs, still no indebtedness of the plaintiffs to Alcock & Co. was thereby created. (*Whitbeck* v. *Van Ness*, 11 Johns. 409; *Noel* v. *Murray*, 13 N. Y. 167; *Gibson* v. *Tobey*, 46 id. 641, 642; *Hall* v. *Stevens*, 40 Hun, 581.)

*C. E. Rushmore* for respondent. The complaint does not set forth facts sufficient to constitute a cause of action for interpleader. (2 Story's Eq. Juris. [13th ed.] 136, 147, 152; *F. Bank* v. *Chase*, 25 N. Y. S. R. 711; *B. & O. R. R. Co.* v. *Arthur*, 90 N. Y. 237; *N. Bank* v. *Yands*, 8 N. Y. S. R. 419.) The complaint is defective and demurrable, in not showing that the plaintiffs are unable to obtain adequate relief at law. (Code Civ. Pro. § 820; 2 Story's Eq. Juris. [13th ed.] 138; 6 Am. & Eng Encyc. Law, 692; Lubes' Eq. Pl. 167, § 220; *Osborn* v. *Ordinary of Harris County*, 19 Ga. 123; *N. M. Co.* v. *White*, 47 id. 403; *McClung* v. *Foshour*, 14 N. Y. S. R. 368; 4 Paige, 77.)

EARL, J. This is an action of interpleader, and the plaintiffs prayed judgment that the defendants might be decreed to interplead touching their several claims, and that the plaintiffs might be at liberty to pay the sum admitted by them to be due into court, and that both defendants might be perpetually enjoined from the further prosecution of actions commenced by them against the plaintiffs. As the case is presented by

the demurrer to the complaint, we must assume that all the facts alleged therein are true.

This under the old chancery practice would have been called a strict bill of interpleader, and to maintain such an action it is necessary to allege and show that two or more persons have preferred a claim against the plaintiff; that they claim the same thing, whether a debt or a duty; that the plaintiff has no beneficial interest in anything claimed, and that it cannot be determined without hazard to himself to which of the two defendants the money or thing belongs. There must also be an offer to bring the money or thing into court. (*M. & H. R. R. Co.* v. *Clute*, 4 Paige, 384; *Dorn* v. *Fox*, 61 N. Y. 268; *B. & O. R. R. Co.* v. *Arthur*, 90 id. 234.) Such an action always supposes that the plaintiff is a mere stakeholder for one or the other of the defendants who claim the stake, and the case must be such that he can pay or deposit the money or property into court, and be absolutely discharged from all liability to either of the defendants, and thus pass utterly out of the controversy leaving that to proceed between the several claimants; and an action of interpleader cannot be sustained where, from the complaint itself, it appears that one of the claimants is clearly entitled to the debt or thing claimed to the exclusion of the other. (*M. & H. R. R. R. Co.* v. *Clute, supra.*)

Upon the facts alleged in this complaint it is entirely clear that the plaintiffs are indebted to Alcock & Co. Goods were purchased by them of Alcock & Co. and delivered by the latter in precise conformity with their agreement. It was arranged that Alcock & Co. should procure payment for the goods by means of a draft drawn upon the American Exchange, which was again to be reimbursed by a draft drawn by it upon the plaintiffs. There is no allegation in the complaint that Alcock & Co. took the accepted draft drawn upon the exchange in payment of their goods, and there can be no presumption from any facts alleged in the complaint that they did. It is, therefore, clear that the plaintiffs are indebted to Alcock & Co., and that upon the facts alleged in the complaint they have no defense to the action brought by them for the price of the

goods. It is also clear, from the facts alleged in the complaint, that Frank Leslie has no claim whatever against the plaintiffs upon the draft held by her. That draft was drawn by the American Exchange upon the plaintiffs for the purpose of placing it in funds to meet the draft drawn upon it by Alcock & Co., and while it neglected and refused to pay the draft accepted by it, it had no cause of action against the plaintiffs upon the draft accepted by them. Its transfer thereof to Mrs. Leslie was a diversion thereof from the purpose for which it was accepted, and as she took it without parting with any value to apply upon a pre-existing indebtedness of the American Exchange to her, she stands in no better position than it, and can no more compel payment by the plaintiffs of the draft than it could if it had brought an action thereon. There can be no doubt, therefore, that upon the facts alleged in the complaint the plaintiffs have a perfect defense to the action brought against them by Mrs. Leslie.

Upon the facts alleged, there is no controversy between Alcock & Co. and Mrs. Leslie. They claim payment for the goods sold by them to the plaintiffs. Mrs. Leslie claims payment of the draft drawn by the American Exchange upon the plaintiffs and accepted by them. Alcock & Co., therefore, have nothing to litigate with her, and have no interest in her controversy with the plaintiffs. They are, in any event, upon the facts alleged, entitled to payment for the goods purchased of them by the plaintiffs, and no litigation between them and her could in any way affect their rights to such payment.

If Mrs. Leslie claims precisely what is alleged in the complaint her claim is good for nothing, and she cannot recover upon the draft against these plaintiffs. If, however, as may be inferred, she in fact claims that she is a *bona fide* holder of the draft for value, then she can recover thereon against the plaintiffs, and if they should be compelled to pay her the amount of the draft they would still be liable to pay Alcock & Co. the price of the goods.

It is true that Alcock & Co. and Mrs. Leslie both claim the same amount of the plaintiffs, but the one claims it for goods

sold and the other claims it upon a draft, and if the plaintiffs should pay the money into court would it be paid to apply upon the price of the goods or upon the draft?

Undoubtedly the plaintiffs are exposed to the hazard of paying the sum claimed of them twice. But that hazard does not spring out of their liability to pay Alcock & Co., but out of the question whether Mrs. Leslie is a *bona fide* holder of the draft for value; and whether she is or not is a matter solely between them and her.

If the two defendants were both claiming the money due upon the draft, or both claiming the money due for the price of the goods, the case would be different . But one defendant claims payment for the goods and the other claims payment upon the draft, and payment of the one would be no defense to an action for the other.

We may imagine still another state of things. Suppose the plaintiffs claim and are able to establish that Alcock & Co. took the acceptance of the American Exchange in absolute payment for the goods sold to the plaintiffs. Then the only parties interested in that matter are the plaintiffs and Alcock & Co. Mrs. Leslie has no concern with it, and she and Alcock & Co. cannot be compelled to engage in a litigation over it. As has been stated, if she is a *bona fide* holder for value, her claim upon the draft cannot be defeated by showing payment for the goods. If she is not a *bona fide* holder for value, she cannot recover, as the sole purpose of the draft was to put the American Exchange in funds to pay the accepted draft of Alcock & Co., and it could not lawfully transfer this draft to her to apply upon a precedent debt.

For all these reasons, therefore, it is entirely clear that this is not a case for interpleader, and the judgment below should be affirmed, with costs.

All concur, RUGER, Ch. J., in result.

Judgment affirmed.