NATIONAL UNION BANK v. LONDON & RIVER PLATE BANK, Limited, et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

INJUNCTION—RESTRAINING SEPARATE ACTIONS.
Equity will not enjoin the prosecution of separate suits by several parties against the same person, and compel them to be determined in one proceeding, if each claim is a distinct cause of action, arising out of different transactions, and relates to different property or the proceeds thereof.

Appeal from special term.

Action by the National Union Bank against the London & River Plate Bank, Limited, and others. From an order denying motion for an injunction to restrain defendants from prosecuting certain suits instituted against plaintiff, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Herbert Barry, for appellant.
Wm. S. Gordon, for respondent London & River Plate Bank.
Chas. Steele, for respondent Kleinworth.

INGRAHAM, J. The plaintiff asked the court at special term to enjoin the defendants, who had instituted four suits, from prosecuting the said suits, and that the questions involved in such actions should be determined in this action. We know of no principle that would justify such an application. The plaintiff is not in the position of a stakeholder having in his possession money or property to which there are several claims. None of the defendants in the action, except the receiver, claim this specific balance from the plaintiff. All of the defendants, except Kleinworth, allege various causes of action against the plaintiff, each one different from the others in its nature, and arising out of different transactions. As to the defendant Kleinworth, he makes no claim against the plaintiff at all, but seeks to recover from a warehouseman who is not a party to the action certain merchandise or its value. There is no fund in the hands of the plaintiff to which the several parties make independent claims; nor specific property in which two or more parties claim an interest. These defendants, except the receiver, seek to recover the proceeds of certain property that has come into the hands of the plaintiff. But each claim depends upon a different state of facts, and relates to different property, or the proceeds thereof. The position is analogous to that of a deposit of several promissory notes with the plaintiff by a depositor for collection, which the plaintiff had collected, and applied to the payment of a debt due by the depositor to the plaintiff, and a subsequent claim by the real owners of each of the promissory notes to a recovery from the plaintiff of the proceeds of the notes that he had collected. In such a case the right of each alleged owner of the note to recover its proceeds from the plaintiff would be an entirely distinct cause of action, in which the owners of the other notes would have no interest; and upon no principle could a

court of equity compel the determination of such independent claim in one action. The claim of each defendant is an independent cause of action, arising upon different facts and circumstances, and has no connection with the others, except that the plaintiff's title to the property that each cause of action seeks to recover came through the same individual.

The order was clearly right, and it must be affirmed, with $10 costs and disbursements. All concur.