(15 App. Div. 478.)

### NATIONAL UNION BANK v. KLEINWORT et al.

(Supreme Court, Appellate Division, First Department.  March 19, 1897.)

EQUITY—JURISDICTION—DETERMINING CONFLICTING CLAIMS.

> An equitable action to determine conflicting claims to moneys in the hands of plaintiff bank cannot be maintained against a person who does not specifically claim any moneys in plaintiff's possession, and whose only claim, as alleged in the complaint, is that he had theretofore brought replevin against the depositor who had rebonded the goods sued for, and that plaintiff thereafter acquired possession of such goods from the depositor (defendant in replevin), sold them, and applied the proceeds to the depositor's account.

Appeal from special term, New York county.

Action by the National Union Bank against Herman G. Kleinwort and others.   From an interlocutory judgment sustaining the demurrer of defendants Kleinwort to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert Barry, for appellant.
Chas. Steele, for respondent.

PATTERSON, J.    This is an appeal from an interlocutory judgment sustaining a demurrer of the defendants Kleinwort to the complaint.    On a prior appeal to this court from an order denying a motion of the plaintiff for a preliminary injunction, it was held, in

substance, that the action could not be maintained. National Union Bank v. London & R. P. Bank, 2 App. Div. 208, 37 N. Y. Supp. 741. On that appeal certain matters appeared by affidavit, but now the question arises upon a state of facts set out in the complaint, and admitted by the demurrer. Notwithstanding this difference in the presentation of the case as it now comes before us, and tested by the allegations of the complaint alone, no cause of action is stated against the defendants Kleinwort. To state the point in the language of the appellant's counsel, the object of this action is to determine "in one suit the conflicting claims of various parties upon the proceeds of certain securities formerly held by the firm of Abe Stein & Co., and now in the possession of this plaintiff." Such being the purpose of the suit (and it is a concise statement of it), the complaint is altogether insufficient, for it contains no allegation that the defendants Kleinwort claim any portion of the proceeds of the securities in the hands of the plaintiff. The narrative of the facts, as contained in the complaint, shows conclusively that the defendants Kleinwort do not claim specifically any moneys now in the possession of the plaintiff; but, on the contrary, those defendants merely brought an action at law, long before this suit was instituted, to recover the possession of certain merchandise they claim to own, in which action they replevied that merchandise. It was rebonded by the defendant in that replevin suit, and thereafter this plaintiff acquired the possession of that merchandise from the defendant in replevin, sold it, and applied the proceeds to a general running bank account it had with Abe Stein & Co., and, after so doing, found a resulting balance of a few thousand dollars to the credit of Abe Stein & Co. on its books. It is this balance which the plaintiff asserts various defendants make adverse claims to, but it is not averred in the complaint that the defendants Kleinwort claim one dollar of it. It is merely suggested, because the Kleinworts claim to be the owners of the merchandise, and brought their action in replevin for it, that hereafter, and under some new and different state of facts, those defendants may acquire some claim against the plaintiff, and that, therefore, they may now be brought into a court of equity, be stayed in the assertion of their legal rights in the replevin action, against a third party, and have the simple controversy arising in that action drawn into a court of equity, in a suit framed between other parties, strangers to the transaction out of which the replevin suit arose. There is no jurisdiction in a court of equity to entertain such a suit on such barren allegations. It is not framed to determine conflicting rights and equities to a fund in the hands of the plaintiff, which fund, by reason of conflicting claims to it, the plaintiff cannot safely pay over, without a decree of the court. It is only a device to draw into a court of equity, so far as the defendants Kleinwort are concerned, a common-law action in replevin, and that only upon a state of facts arising after the institution of the replevin suit, and brought about by the plaintiff interfering in that replevin suit, by rebonding the goods, and substituting itself as the responsible, although not the actual, defendant in that suit. Such a scheme to thwart or de-

lay a suitor in the enforcement of a legal right is not to be countenanced.     It nowhere appears in the complaint that, at the time this action was brought, the defendants Kleinwort were so situated with reference to the balance of Abe Stein & Co.'s account with the plaintiff (and that is all that is involved here) as would authorize the maintenance of this suit against them.

The demurrer was well taken, and the judgment of the court below is affirmed, with costs.     All concur.