BRACKETT v. GRAVES et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. INTERPLEADER—RIGHT TO RELIEF—PLURALITY OF CLAIMANTS.
    To sustain a prayer for interpleader, it must appear that two or more persons make the same claim against plaintiff.

2. SAME—STAKEHOLDER—INTEREST.
    A party claiming a beneficial interest in a fund, and deducing title through one of two alleged rival claimants to such fund, is not an indifferent stakeholder, entitled to an interpleader.

3. SAME—WHAT CONSTITUTES A CLAIM.
    The bringing of an action for conversion of a fund against the representatives of a deceased partner is not of itself an assertion of a claim to such fund against a surviving partner, since, even if a joint tort feasor, he is not liable to contribution.

4. SAME—APPLICATION—LACHES.
    A party who defers bringing interpleader until a pending action in another county to recover for the fund has been continued over several terms, and can no longer be postponed, is not free from laches.

Appeal from special term, Saratoga county.

Action by Edgar T. Brackett against Minnie C. Graves and others for interpleader, and to enjoin the prosecution of a pending suit until final hearing on plaintiff's petition. An order restraining defendant Graves was made, and defendants appealed therefrom. Reversed.

The appellant Minnie C. Graves brought an action October 15, 1895, in this court, in Cortland county, against Alembert Pond; alleging that on September 10, 1889, at Cortland, in said county, he had wrongfully obtained, and converted to his own use, $810.50 in money belonging to her, which she in 1895 demanded of him, and he refused to restore to her. The defendant answered by a general denial, and further alleged that the money was paid into court, and deposited with the treasurer of the county of Cortland, in an action pending in this court in that county, in the nature of an interpleader, between Martha McDonald and David H. Crane, to determine which of them was entitled thereto, and that by final judgment therein the money was awarded to Martha

McDonald, and was thereafter paid to Alembert Pond, as her attorney, for her, upon an order of the court to that effect. Alembert Pond died in April, 1896, and the action was duly continued in the name of his executor, Byron Pond. It was placed upon the calendar of the trial court for that county for three successive terms, and went over each term at the request of the defendant therein, and was placed upon the calendar for the September, 1897, term, and was ready for trial on the part of the appellant, when this action was commenced in Saratoga county, and the order appealed from obtained. Alembert Pond, Winsor B. French, and this plaintiff were partners in the practice of the law at Saratoga Springs from April, 1876, until April, 1888. The firm conducted the litigation in the name of A. Pond, as attorney and counsel for Martha McDonald, in two actions respecting a bond and mortgage belonging to her, out of which the interpleader action above mentioned arose. The $810.50 were paid into court in 1885. March 7, 1888, Mrs. McDonald assigned the bond and mortgage to this appellant, Minnie C. Graves, her granddaughter; the plaintiff's firm drawing the assignment, but retaining custody of the bond and mortgage. Subsequently, in April, 1888, the final judgment in Mrs. McDonald's favor was recovered, awarding her the title to the $810.50 in court. In August, 1889, Pond, French & Brackett sued Mrs. McDonald in this court, Saratoga county, for services and disbursements, claiming $1,515.64. Mrs. McDonald answered August 17, 1889, by general denial, and allegation of contract price and overpayment by her, and a misjoinder of plaintiffs; alleging that she had employed French only. The issues were referred, some hearings were had, and then the referee died, and no further proceedings have been taken therein. A. Pond obtained the $810.50 in September, 1889. The plaintiff brings this action against the appellant, Minnie C. Graves, Martha McDonald, Pond's executor, and W. B. French, and alleges that the $810.50 were applied to the use of plaintiff's firm, and credited to Mrs. McDonald upon the said account against her; that, if Minnie C. Graves should recover in her separate action, the plaintiff, as one member of the law firm, would have to contribute to the executor his share of the recovery; that the judgment in favor of Miss Graves would not bind Mrs. McDonald; and that he and French and Pond's executor "would still be subject to be sued by said defendant Martha McDonald for the same money, and be compelled to litigate with her in such suit, or in the suit now pending against her, the title to said money, and said bond and mortgage, and their right to apply said money on their bill as was done by them." The plaintiff demands judgment that Minnie C. Graves prove her title to said $810.50 in this action, and be restrained from prosecuting her separate action, and that it be adjudged that she has no title thereto, and that she and Martha McDonald be compelled to interplead their claims thereto, and to said bond and mortgage.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Horace L. Bronson, for appellants.

E. T. Brackett, for respondent.

LANDON, J. We think the order appealed from should be reversed.

1. It is not alleged that the defendant Martha McDonald makes any claim against the plaintiff or his late firm for the $810.50 which Minnie C. Graves is seeking to recover against the executor, but that she may make it. To maintain an action of strict interpleader, it must appear that two or more persons prefer the same claim against the defendant. Bassett v. Leslie, 123 N. Y. 396, 25 N. E. 386; Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991; Bank v. Yandes, 44 Hun, 55. The appellant's action is for conversion against A. Pond alone. Mrs. McDonald prefers no claim for conversion against A. Pond. She prefers none for the $810.50 against

any one. The plaintiff wishes to make a claim for her which she declines to make for herself. She cannot be forced to make the claim. Mrs. McDonald assigned the bond and mortgage to the appellant. No reference is made to the $810.50 in the pleading of either party in the action of Pond, French & Brackett against her, and it does not appear that in the hearings had in that action she claimed any credit for the money. Indeed, she alleges in that action that she employed Mr. French only. Thus, there are not two rival claimants pressing the same demand against the plaintiff.

2. The plaintiff claims a beneficial interest in the $810.50. He seeks to deduce title to the money through Mrs. McDonald. He therefore is not a stakeholder, indifferent as to which claimant shall be awarded the fund. Cases supra.

3. The appellant, in her separate action against Pond for conversion, would have to prove the tort alleged. Even if Pond's former partners were also wrongdoers jointly with him, she was not obliged to sue them. There is no right to contribution among wrongdoers. It is not alleged that Pond's executor demands contribution, and perhaps he will not. The plaintiff will not be bound to contribute because of the judgment against Pond, but, if at all, because Pond paid the $810.50 by mistake to the credit of Mrs. McDonald, upon her account with the firm. Thus, whatever equity may by possibility arise between the members of plaintiff's late firm results from transactions between themselves after Pond had obtained the $810.50, and not by reason of any rival claims between Mrs. McDonald and Miss Graves upon the plaintiff. Bank v. Kleinwort, 15 App. Div. 478, 44 N. Y. Supp. 469.

4. The plaintiff is not free from laches. This action seems to have been brought in Saratoga county when the trial of the appellant's action in Cortland county could no longer be deferred. Pond v. Harwood, 139 N. Y. 111, 34 N. E. 768; Bank v. Kleinwort, supra.

Without considering other points urged by the appellant, we think the order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.