EDGAR T. BRACKETT, Respondent, *v.* MINNIE C. GRAVES, Appellant, Impleaded with MARTHA McDONALD, WINSOR B. FRENCH, and BYRON POND, as Executor of the Last Will and Testament of ALEMBERT POND, Deceased.

*Interpleader — not proper where one, sought to be made a party, only may make a claim, nor where the plaintiff is interested in the fund — injunction.*

In March, 1888, one Martha McDonald, the holder of a bond and mortgage, which were the subject of litigation, assigned such instruments to Minnie C. Graves, and in April of the same year obtained a judgment in her (Martha McDonald's) favor in an action of interpleader which had arisen out of such litigation, and in which the sum of $810.50 had previously been paid into court. This sum was, in 1889, paid to Alembert Pond as the attorney for Martha McDonald.

In August, 1889, the firm, of which Pond was a member, sued Martha McDonald for services, claiming $1,515.64, in which suit she answered, alleging a contract price and overpayment by her, and a misjoinder of plaintiffs, she having, as alleged, employed only one member of the firm named French. In 1895 Minnie C. Graves brought an action for the conversion of $810.50 against Alembert Pond, who, in his answer, alleged the payment of the amount to him, as attorney, in the interpleader action. Pond died in 1896, and this suit was continued against his executor, and during its pendency the present action was brought by Edgar T. Brackett, a former partner of Pond, against Martha McDonald, Minnie C. Graves, Pond's executor and French, in which action the plaintiff alleged that the $810.50 were applied to the use of the firm and credited to Martha McDonald upon the account against her; that if Minnie C. Graves should recover in her action the plaintiff would have to contribute to Pond's executor his share of the recovery; that the judgment in favor of Minnie C. Graves would not bind Martha McDonald, and that the plaintiff Brackett, and French and Pond's executor "would still be subject to be sued by said defendant Martha McDonald for the same money, and be compelled to litigate with her in such suit, or in the suit now pending against her, the title to said money and said bond and mortgage, and their right to apply the said money on their bill as was done by them."

The complaint demanded judgment that Minnie C. Graves prove her title to said money in present the action and be restrained from prosecuting her separate action, and that it be adjudged that she has no title thereto, and that she and Martha McDonald be compelled to interplead their claims thereto and to said bond and mortgage.

*Held,* that, as it was not alleged that Martha McDonald made any claim against the plaintiff Brackett or his late firm for the $810.50, which Minnie C. Graves was seeking to recover against Pond's executor, but only that she might make it, and as the plaintiff Brackett claimed a beneficial interest therein through Martha McDonald, an action of interpleader would not lie;

That whatever equitable right to contribution might arise between the members of plaintiff's late firm resulted from transactions between themselves after Pond had obtained the $810.50, and not by reason of any rival claims between Martha McDonald and Minnie C. Graves upon the plaintiff;

That an order restraining the defendant Minnie C. Graves from prosecuting the action in which she was plaintiff until the determination of the action in which Brackett was plaintiff should be set aside.

APPEAL by the defendant, Minnie C. Graves, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Saratoga on the 13th day of October, 1897, restraining the appellant, Minnie C. Graves, from prosecuting until the decision in this action, an action brought by her against Byron Pond, as executor, etc., of Alembert Pond, deceased, with notice of an intention to bring up for review upon such appeal an order made by the county judge of Saratoga county bearing date the 8th day of September, 1897, and entered in said clerk's office, granting a temporary injunction.

The appellant, Minnie C. Graves, brought an action on October 15, 1895, in this court, in Cortland county, against Alembert Pond, alleging that, on September 10, 1889, at Cortland, in said county, he had wrongfully obtained and converted to his own use $810.50 in money belonging to her, which she, in 1895, demanded of him, and he refused to restore to her. The defendant answered by a general denial, and further alleged that the money was paid into court and deposited with the treasurer of the county of Cortland in an action pending in this court, in that county, in the nature of an interpleader, between Martha McDonald and David H. Crane, to determine which of them was entitled thereto, and that by final judgment therein the money was awarded to Martha McDonald, and was thereafter paid to Alembert Pond, as her attorney, for her, upon an order of the court to that effect.

Alembert Pond died in April, 1896, and the action was duly continued in the name of his executor, Byron Pond. It was placed upon the calendar of the trial court for that county for three successive terms, and went over each term at the request of the defendant therein, and was placed upon the calendar for the September, 1897, term, and was ready for trial on the part of the appellant when this action was commenced in Saratoga county, and the order appealed from obtained.

Alembert Pond, Winsor B. French and this plaintiff were partners in the practice of the law at Saratoga Springs, from April, 1876, until April, 1888. The firm conducted the litigation in the name of A. Pond, as attorney and counsel for Martha McDonald, in two actions, respecting a bond and mortgage belonging to her, out of which the interpleader action above mentioned arose. The $810.50 were paid into court in 1885. March 7, 1888, Mrs. McDonald assigned the bond and mortgage to this appellant, Minnie C. Graves, her granddaughter, the plaintiff's firm drawing the assignment, but retaining custody of the bond and mortgage. Subsequently, in April, 1888, the final judgment in Mrs. McDonald's favor was recovered, awarding her the title to the $810.50 in court.

In August, 1889, Pond, French & Brackett sued Mrs. McDonald in this court, Saratoga county, for services and disbursements, claiming $1,515.64. Mrs. McDonald answered August 17, 1889, by general denial, and allegation of contract price and overpayment by her, and a misjoinder of plaintiffs alleging that she had employed French only. The issues were referred, some hearings were had, and then the referee died, and no further proceedings have been taken therein. A. Pond obtained the $810.50 in September, 1889.

The plaintiff brings this action against the appellant, Minnie C. Graves, Martha McDonald, Pond's executor, and W. B. French, and alleges that the $810.50 were applied to the use of plaintiff's firm and credited to Mrs. McDonald upon the said account against her; that if Minnie C. Graves should recover in her separate action the plaintiff, as one member of the law firm, would have to contribute to the executor his share of the recovery; that the judgment in favor of Miss Graves would not bind Mrs. McDonald, and that he and French and Pond's executor " would still be subject to be sued by said defendant Martha McDonald for the same money and compelled to litigate with her in such suit or in the suit now pending against her the title to said money and said bond and mortgage, and their right to apply the said money on their bill as was done by them."

The plaintiff demands judgment that Minnie C. Graves prove her title to said $810.50 in this action, and be restrained from prosecuting her separate action; and that it be adjudged that she has no title

thereto, and that she and Martha McDonald be compelled to inter-plead their claims thereto and to said bond and mortgage.

*Horace L. Bronson,* for the appellant.

*Edgar T. Brackett,* respondent, in person.

LANDON, J. :

We think the order appealed from should be reversed.

1. It is not alleged that the defendant Martha McDonald makes any claim against the plaintiff or his late firm for the $810.50 which Minnie C. Graves is seeking to recover against the executor, but that she may make it. To maintain an action of strict interpleader it must appear that two or more persons prefer the same claim against the defendant. (*Bassett* v. *Leslie,* 123 N. Y. 396 ; *Crane* v. *McDonald,* 118 id. 648 ; *Nassau Bank* v. *Yandes,* 44 Hun, 55.)

The appellant's action is for conversion against A. Pond alone. Mrs. McDonald prefers no claim for conversion against A. Pond ; she prefers none for the $810.50 against any one. The plaintiff wishes to make a claim for her which she declines to make for herself. She cannot be forced to make the claim. Mrs. McDonald assigned the bond and mortgage to the appellant. No reference is made to the $810.50 in the pleading of either party in the action of Pond, French & Brackett against her, and it does not appear that in the hearings had in that action she claimed any credit for the money. Indeed, she alleges in that action that she employed Mr. French only. Thus there are not two rival claimants pressing the same demand against the plaintiff.

2. The plaintiff claims a beneficial interest in the $810.50. He seeks to deduce title to the money through Mrs. McDonald. He, therefore, is not a stakeholder indifferent as to which claimant shall be awarded the fund. (Cases *supra.*)

3. The appellant in her separate action against Pond for conversion would have to prove the tort alleged. Even if Pond's former partners were also wrongdoers jointly with him, she was not obliged to sue them. There is no right to contribution among wrongdoers. It is not alleged that Pond's executor demands contribution, and, perhaps, he will not. The plaintiff will not be bound to contribute because of the judgment against Pond, but, if at all, because Pond

paid the $810.50 by mistake to the credit of Mrs. McDonald, upon her account with the firm. Thus, whatever equity may by possibility arise between the members of plaintiff's late firm results from transactions between themselves after Pond had obtained the $810.50, and not by reason of any rival claims between Mrs. McDonald and Miss Graves upon the plaintiff. (*National Union Bank* v. *Kleinwort*, 15 App. Div. 478.)

4. The plaintiff is not free from *laches*. This action seems to have been brought in Saratoga county when the trial of the appellant's action in Cortland county could no longer be deferred. (*Pond* v. *Harwood*, 139 N. Y. 111; *National Union Bank* v. *Kleinwort*, *supra*.)

Without considering other points urged by the appellant, we think the order should be reversed.

All concurred, except PUTNAM, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.