(51 Misc. Rep. 432.)

### MOSIER et al. v. KURCHHOFF et al.

(Supreme Court, Special Term, Erie County. September, 1906.)

1. UNITED STATES STATUTES—CONTRACTOR'S BOND—RIGHTS OF MATERIALMEN.

Plaintiffs erected certain buildings for the government under a contract providing that no interest therein should be transferred by the contractor, and that any such transfer should work an annulment of the contract so far as the United States government was concerned. The contractor made a subcontract for the painting, and the subcontractors bought materials from plaintiffs. The contractors gave a bond under federal statutes conditioned that they would make payments to all persons supplying them with labor and material, and that any person who furnished such labor or materials for which the contractors should fail to pay should have an action in the name of the United States against such contractors on the bond. *Held*, that such provisions did not apply to plaintiffs who did not furnish materials to the contractor, nor to any one who had acquired a right as against the United States.

2. INTERPLEADER—WHEN MAINTAINABLE.

Where one contracting to erect certain buildings for the United States made a subcontract for painting, and the subcontractor bought materials from plaintiffs for the work, the contractor could not maintain an action of interpleader against the subcontractor and the party furnishing the materials to determine the ownership of an unpaid balance of the contract price for the painting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interpleader, § 8.]

Action by Charles Mosier and William Summers against Julius L. Kurchhoff and others. Complaint dismissed.

Thayer, Tuttle & White, for plaintiffs.
F. T. Cahill, for defendant Smith.
Louis Braulein, for defendant J. L. Kurchhoff.

WOODWARD, J. This is an action of interpleader. The plaintiffs are contractors and builders, and in November, 1903, entered into a contract with the United States government for the construction of certain buildings at Oswego, at an aggregate cost to the government of $223,795.87. These buildings have been finished and the contract

price has been paid over to the plaintiffs. During the progress of the work the plaintiffs entered into a contract with the defendant Max L. Kurchhoff, Jr., for the painting of these several buildings at an agreed price of $5,345; and this work has, with certain extras, been completed, and it is conceded on the part of the plaintiffs that they owe a balance of $389.24 on account of such contract.

Some time prior to the commencement of this action the defendant Max L. Kurchhoff, Jr., assigned his claim, including certain extras bringing the same up to $484.49, to his brother, Julius L. Kurchhoff, and the latter as assignee of such claim began an action in the Municipal Court of Buffalo to recover the same, whereupon the plaintiffs began this interpleader action, alleging that defendant F. L. Smith claimed a right of action against them for the fund conceded to be due under the contract, including about $100 of extras, by reason of certain provisions in the contract between the plaintiffs and the United States government and the provisions of the federal statutes, and an injunction was prayed to restrain the defendant Julius L. Kurchhoff from prosecuting his action in the Municipal Court. There are no serious questions of fact presented by the evidence; and the questions to be determined are whether an action in interpleader is proper under the circumstances, and, if it is, to whom the fund belongs.

It is not disputed that the defendant Smith furnished paints, oils, etc., to the defendant Kurchhoff for the purpose of enabling the latter to perform his contract with the plaintiffs to the value of something over $600, and that this amount has not been paid, and it may be conceded that there is a certain moral right on the part of defendant Smith to have his pay out of the proceeds of the contract which has been performed with his materials, or from some other source; but the primary question here is whether there is a condition of affairs which justifies the bringing of an action of interpleader. There is no doubt that the defendant Smith sold his paints, oils, etc., to the defendant Kurchhoff, and, in the absence of some statutory provision, he would be called upon to look to the latter for the payment for his materials, and the plaintiffs would be fully protected in paying the amount due under the contract to the assignee of Max L. Kurchhoff, and there could be no possible ground for impleading Smith. Is there anything in the contract between the United States and the plaintiffs, or in the statutes, which gives the defendant Smith a right of action against the plaintiffs? If there is not, then the plaintiffs merely owe the defendant Kurchhoff whatever is due under the contract and for extras, and this action is improperly brought.

Article 6 of the contract between the United States and the plaintiffs provides that:

"Neither this contract nor any interest therein shall be transferred by the said Mosier and Summers to any other party or parties, and any such transfer shall cause the annulment of the contract so far as the United States is concerned; all rights of action, however, for any breach of this contract by the said Mosier and Summers are reserved to the United States."

In commenting upon a similar provision the United States Supreme Court, in Burck v. Taylor, 152 U. S. 634, 648, 14 Sup. Ct. 696, 701,

38 L. Ed. 578, has pointed out that the "express declaration that so far as the United States are concerned a transfer shall work an annulment of the contract carries, by implication, the declaration that it shall have no such effect as between the contractor and the transferee. In other words, as to them, the transfer is like any other transfer of property, and controlled by the same rules. Its invalidity is only so far as the government is concerned, and it alone can raise any question of the violation of the statute. The government in effect, by this section, said to every contractor, you may deal with your contract as you please, as you may deal with any other property belonging to you, but so far as we are concerned you, and you only, will be recognized either in the execution of the contract or in the payment of the consideration." And that is all that may be said of the clause of the contract here under consideration. It did not prevent the plaintiffs, as the original contractors, from subcontracting the painting. It merely gave notice that, in so far as the United States government was concerned, it would not recognize or deal with any one other than those who were parties to the original contract. It gave notice to all that they could not furnish work or materials and claim against the United States for the same, and no one other than the government could gain any rights under that clause, or raise any question in relation thereto.

But it is urged that under certain provisions of the federal statutes, requiring the contractors to give a bond for the performance of the contract, it was provided that the contractors would "make payments to all persons supplying them with labor and materials in the prosecution of the work provided for in the contract," and that the statute further provides that any person who has furnished labor or materials for which said contractors shall fail to pay shall have a cause of action, in the name of the United States, against said contractors and said surety for the amount due him for such labor and materials; and it seems to be supposed that in some way this gives the defendant Smith, who furnished materials to the defendant Kurchhoff to enable the latter to complete his contract for painting the buildings for the plaintiffs, a right of action against the original contractors.

It seems to us that the contract with the government, specially limiting its contract relations with the plaintiffs, gave notice to the defendant Smith that, if he sold any goods to a subcontractor, he must look to such subcontractor for his pay. The bond provides that the plaintiffs will pay to "all persons supplying them with labor and materials," not to those who shall supply materials to those who furnish labor and materials to the plaintiffs; and the right of action provided is one against the contractors, who alone have relations with the government in the name of the United States. Undoubtedly, Kurchhoff, having furnished labor and materials to the plaintiffs, would have a right of action against the plaintiffs under these provisions; but that is far from holding that Smith, who furnished materials to Kurchhoff, would have such a right of action against the plaintiffs. Smith had no relations with the plaintiffs. He sold his goods to Kurchhoff, and the latter, as the owner of such materials, furnished them, in connection with his labor, to the plaintiffs, and they owe him the duty of payment.

But they do not owe such a duty to Smith, and neither the contract nor the federal statutes makes any provision for the collection of Smith's claim against Kurchhoff. The plaintiffs will have discharged their duty under the statutes and their contract when they have paid Kurchhoff for the labor and materials furnished by him. They are not called upon to know where he secured his materials, in the absence of some fraudulent representations or other special conditions. The government has provided in its contract for a limited liability to the original contractors, and the latter have given a bond to pay for the labor and materials furnished to them; and the statute providing for a limited cause of action in the name of the United States for those who have furnished labor and materials to the contractors, without making any provision for those who have furnished materials to subcontractors (subcontractors being specially excluded from the consideration of the government by its contract), it seems entirely clear to us that the plaintiffs are not menaced by any real danger, and that they have no right to maintain this action and impose costs upon the defendant Kurchhoff. "Such an action," say the court in Bassett v. Leslie, 123 N. Y. 396, 399, 25 N. E. 386, 387, "always supposes that the plaintiff is a mere stakeholder for one or the other of the defendants who claim the stake, and the case must be such that he can pay or deposit the money or property into court, and be absolutely discharged from all liability to either of the defendants, and thus pass utterly out of the controversy, leaving that to proceed between the several claimants; and an action of interpleader cannot be sustained where, from the complaint itself, it appears that one of the claimants is clearly entitled to the debt or thing claimed to the exclusion of the other." In the case now before us the defendant Julius L. Kurchhoff claims an amount in excess of that which the plaintiffs admit to be due, so that they cannot drop out of the controversy, except as to an amount which they name; and it is clear from the complaint that the plaintiffs owe to Kurchhoff the amount which they admit to be due, to the exclusion of the defendant Smith, who has no legal claim against the plaintiffs. Under such circumstances, an action in interpleader would operate to do an injustice to the defendant Kurchhoff, and it should not be permitted.

The complaint should be dismissed, with costs, and the Municipal Court action should be permitted to proceed.

Complaint dismissed, with costs, and Municipal Court action permitted to proceed.