Ada M. Blessing, Plaintiff, *v.* The First National Bank of Silver Creek, N. Y., Defendant.

Supreme Court, Chautauqua County, July 6, 1928.

**Banks and banking — certificate of deposit — certificate was assigned to plaintiff — motion is made to interplead receiver in bankruptcy of corporation of which person to whom certificate was issued was president— said receiver cannot be interpleaded under Banking Law, § 113.**

This is an action on a certificate of deposit which was assigned to the plaintiff by the person to whom it was issued.   The person to whom it was issued was

the president of a corporation which is now in the hands of a receiver in bankruptcy. The defendant bank has moved to interplead the receiver in bankruptcy, under section 113 of the Banking Law, upon the claim of the receiver to the moneys represented by the certificate. The motion is denied, for said section of the Banking Law has no application to an action on a certificate of deposit, since the relation of depositor and depository does not exist between the bank issuing the certificate and the one to whom it is issued.

MOTION by defendant, under section 113 of the Banking Law, to interplead an additional defendant.

*Hogan & Slingerland* [*Daniel H. Prior* of counsel], for the plaintiff.

*Joseph C. White,* for the receiver.

*Glenn W. Woodin,* for the defendant.

HINKLEY, J. The defendant bank issued its certificate of deposit to one Clayton Blessing, payable to the order of himself, as follows:

" No. 15154   THE FIRST NATIONAL BANK 50–856   $1020.00

" SILVER CREEK, N. Y., *Dec.* 1 1927

CERTIFICATE OF
       DEPOSIT      Clayton Blessing has deposited in this Bank
       Not      The sum of $1200 and 00 cts   Dollars payable
       Subject      to the order of himself in current funds on the
       to      return day of this Certificate properly endorsed.
       Check

" Subject to not less than thirty days notice before payment. With interest at the rate of
4 per cent per annum if left 3 months
  per cent per annum if left   months
Interest computed for even months
No interest after one year unless renewed.

                                 " G. M. SENN
                                       " *Cashier.*"

The complaint alleges that thereafter Clayton Blessing duly indorsed the certificate of deposit to plaintiff, who is now the owner and holder thereof, for value.

Clayton Blessing was president of the Blessing Motor Corporation, and the defendant asks to interplead the receiver in bankruptcy of that company, under section 113 of the Banking Law, upon the claim of said receiver to the moneys represented by the certificate of deposit.

The sole question here determined is that this action against the defendant bank upon a certificate of deposit is *not* one " *to recover*

*for moneys on deposit therewith,"* and interpleader under section 113 of the Banking Law is not proper.

Section 113 of the Banking Law is as follows:

" § 113. Interpleader in Certain Actions; Costs. 1. In all actions against any bank to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such bank, and upon eight days' notice to the plaintiff and such claimants, and *without proof as to the merits of the claim,* make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds. The remedy provided in this section shall be in addition to and not exclusive of that provided in section eight hundred and twenty of the code of civil procedure.   *   *   * "

The origin of section 113 of the Banking Law may be traced in the following manner: Chapter 689 of the Laws of 1892, section 115, gave to savings banks the right of interpleader, in the discretion of the court, without reference as to whether or not proof of the merits of the claim was required. That section was repealed by the Laws of 1909, chapter 10, and re-enacted in the same form in that chapter as section 145. The latter section was repealed by the Laws of 1914, chapter 369, and re-enacted *in different form* as section 250 of the Banking Law. By the same chapter 369 of the Laws of 1914, section 113, above quoted, was enacted. Chapter 369 of the Laws of 1914 gave to the court, by section 250, the power of interpleader in actions against savings banks to recover for moneys on deposit therewith, and gave to all banks, by section 113, the right of interpleader in actions against them to recover for moneys on deposit therewith, without proof as to the merits of the additional claim. The exercise of the power of interpleader under the Banking Law remains discretionary with the court. Yet as applied to all banks, savings or otherwise, the suggestion is emphasized that no proof of the merits of the additional claim is required.

The courts of this State have uniformly held that certificates of deposit similar to the one under consideration herein are negotiable promissory notes. (*Pardee* v. *Fish,* 60 N. Y. 265; *Matter of Baldwin,* 170 id. 156.)

The issuance of the certificate of deposit by the defendant bank immediately altered the relation of depositor and depository. The bank no longer exclusively carried the amount of the certificate as a deposit to the credit of a depositor subject to check, but it engaged to pay that amount to the *bona fide* holder of the cer-

tificate which it issued. This action is not brought to recover for moneys on deposit with the defendant bank. It is an action brought upon a certificate of deposit, which in law is a negotiable promissory note. There is no reason why this broad privilege accorded to all banks should be extended beyond its plain language to cover the written obligation of the defendant bank.

This application is made strictly under section 113 of the Banking Law, and this decision is based squarely upon the determination of law that section 113 of the Banking Law has no application to the certificate of deposit herein involved. There is nothing indicated in this opinion as to the right of the defendant to proceed under section 820 of the Code of Civil Procedure, now section 287 of the Civil Practice Act.

Motion denied, with costs.