JOE GAUDY, Plaintiff, *v.* CORN EXCHANGE BANK TRUST COMPANY, Defendant.

City Court of New York, Bronx County, April 2, 1931.

*William L. Rosan,* for the plaintiff.

*Laughlin, Gerard, Bowers & Halpin,* for the defendant.

*Barnett Cohen,* for Royal Indemnity Company.

*Kaye, McDavitt & Scholer* for Chatham Phenix National Bank and Trust Company.

DONNELLY, J. In this action the plaintiff, a depositor of the defendant, seeks to recover the sum of $1,300, the aggregate of certain checks deposited by plaintiff with defendant at various dates between March 1, 1930, and October 30, 1930. These checks were drawn on the Chatham Phenix National Bank and Trust Company by New York Tribune, Inc.; they were payable to parties other than the plaintiff and each of them was indorsed by plaintiff and purported to be indorsed by the payees thereof and were credited to plaintiff's account by the defendant after it had received payment thereof from the drawee bank in the regular course of business.

The defendant alleges that on or about December 30, 1930, the Royal Indemnity Company made claim to the defendant that the said checks were not indorsed by the payees thereof and that the purported indorsements were forgeries; that the Royal Indemnity Company had insured to New York Tribune, Inc., the fidelity of the latter's former payroll clerk against the forging of any checks by the New York Tribune, Inc.; that the forgeries in question were committed by said clerk and that by reason thereof and of said insurance the Royal Indemnity Company was compelled to and did pay to New York Tribune, Inc., the amount of said checks, and that by reason thereof the Royal Indemnity Company is subrogated to the rights of New York Tribune, Inc., and it demanded payment of the amount of said checks. The defendant further alleges that if the facts claimed by the Royal Indemnity Company are true, and the indorsements on the checks in question are forged, the Chatham Phenix National Bank and Trust Company, which paid out the sums represented by said checks to the Corn Exchange Bank Trust Company, has a claim and cause of action against it for the recovery of the moneys so paid, and the said Chatham Phenix National Bank and Trust Company accordingly should and will be entitled to assert such claim against the Corn Exchange Bank Trust Company, involving the said sum and deposit which is the subject of this action.

The defendant now moves, under section 199 of the Banking Law of the State of New York, to amend the proceedings herein by making the Royal Indemnity Company and Chatham Phenix National Bank and Trust Company defendants herein.

Section 199 of the Banking Law provides:

" § 199. Interpleader in certain actions; * * * 1. In all actions against any trust company to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such trust company,

and upon eight days' notice to the plaintiff and such claimants, *and without proof as to the merits of the claim,* make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds. *The remedy provided in this section shall be in addition to and not exclusive of that provided in section eight hundred and twenty of the code of civil procedure."* (Italics mine.)

The motion is opposed by the Royal Indemnity Company, upon the ground that the defendant has failed to show that the plaintiff and the proposed defendants are rival claimants to the " same fund," as required by section 199 of the Banking Law, and in support of this contention it asserts that the claims involved herein are based upon distinct and several debts which are entirely unrelated and independent of each other. *Bassett* v. *Leslie* (123 N. Y. 396); *Greenwald* v. *State Bank* (124 Misc. 176; affd., 213 App. Div. 810); *Blessing* v. *First National Bank of Silver Creek* (132 Misc. 514); *Wood, Dolson Co., Inc.,* v. *Leonett Realty Co., Inc.* (227 App. Div. 552), cited by Royal Indemnity Company, are not in point. In *Bassett* v. *Leslie* (*supra*) it was held that as one of the claimants was clearly entitled to the debt or thing claimed to the exclusion of the other (the debt or thing claimed not being money on deposit with a bank or trust company), the interpleader could not be sustained. In *Greenwald* v. *State Bank* (*supra*), which was an action to recover the amount of a check paid by the drawee bank on a forged indorsement of payee's name, it was held that the payee could not be interpleaded in the place and stead of the bank, for the reason that the payee had no claim against the bank for the improper payment of the check, and was not interested in the litigation. In *Blessing* v. *First National Bank of Silver Creek* (*supra*) the action was not brought to recover for moneys on deposit with the bank, but was upon a certificate of deposit, which is, in law, a promissory note, issued to the president of a corporation in the hands of a receiver. In *Wood, Dolson Co., Inc.,* v. *Leonett Realty Co., Inc.* (*supra*), the action was by a broker to recover commissions on the sale of real estate. The defendants sought, under the provisions of section 287 of the Civil Practice Act, to interplead other brokers, on the ground that they were unable to determine to whom the commissions were payable. It may be that in the cases cited the claims were not identical and did not arise out of the same set of facts. In the instant case there can be no question but that the plaintiff and the Royal Indemnity Company seek to recover of the defendant the same fund, namely,

the moneys arising out of the checks involved herein. It is equally clear that, pursuant to the provisions of section 199 of the Banking Law, the order now sought must be made, regardless of the present merits of the conflicting claims. All that needs be shown is that conflicting claims are made.

Motion granted, with ten dollars costs. Submit order on two days' notice.